# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOE I, and DOE II, | Case No. 3:07CV00909(CFD) |
|     Plaintiffs, | |
| v. | Date: January 24, 2008 |

Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47,

    Defendants.

## DECLARATION OF STEVE MITRA IN SUPPORT OF
## MOTION FOR LIMITED EXPEDITED DISCOVERY

I, Steve Mitra, declare as follows:

1.      I am duly licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest, LLP, counsel for plaintiffs Doe I and Doe II in the above-captioned proceeding. I am admitted *pro hac vice* to appear before this Court in this action. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

Dockets.Justia.com

**AutoAdmit.com**

2.      AutoAdmit.com is an Internet discussion board targeted at law students and
lawyers, describing itself as "[t]he most prestigious law school discussion board in the world."
Attached hereto as **Exhibit A** is a true and correct copy of a printout of the URL
http://www.AutoAdmit.com/?forum_id=2, dated November 2, 2007.

3.      AutoAdmit has a "mirror site," containing the same or almost the same content as
the original site.  This site is located at [http://xoxohth.com](http://xoxohth.com).  A true and correct copy of a printout
of the URL http://www.xoxohth.com/?forum_id=2 is attached hereto as **Exhibit B.**  The site
http://xoxoreader.blogspot.com is a web log that republishes information from the Autoadmit
mirror site located at http://xoxohth.com.

4.      The AutoAdmit website is administered by Jarret Cohen and was moderated for
some time by Anthony Ciolli.  The site was launched in 2004 and, according to Cohen and
Ciolli, draws between 800,000 and one million visitors per month.  Attached hereto as **Exhibit C**
is a true and correct copy of an article "Harsh Words Die Hard on the Web" by Ellen Nakashima,
published in the *Washington Post*, and dated March 7, 2007, which describes the history of the
site's development, as well as a true and correct copy of a transcript of a National Public Radio
Broadcast on June 18, 2007.

5.      Anyone who uses the Internet and goes to the AutoAdmit site, either directly or
via an Internet search engine such as Google, may view the messages posted to the discussion
board.  After a participant posts a new message, any further comments or responses to the subject
area of that message are collected as a "thread."  Message threads can be quite lengthy
depending on the level of interest in a particular subject.

6.      Only registered AutoAdmit users may post new messages and respond to the
messages of other registered users. Individuals who register with the AutoAdmit site may, but
are not required to provide their real names.  It appears that posters can adopt multiple user
names.  The AutoAdmit website appears to use "persistent pseudonymity," which means that
changes in pseudonyms retroactively change previously-stored posts to reflect the changed

pseudonym. A true and correct copy of the registration page for AutoAdmit.com, located at http://AutoAdmit.com/register.php, is attached hereto as **Exhibit D** .

7.      Posters on the AudoAdmit site are sometimes "outed" for a brief period of time before the outing information is removed. It is believed that the outing information is removed by, or at the direction of the moderators of the AutoAdmit.com board and that therefore they may have knowledge of some of the defendants' identities.

8.      The threads on the AutoAdmit site can be found by searching on the site or through search engines such as Google. By entering a person's name as a search term, a search engine will list various threads in which that name appears in search results. Attached hereto as **Exhibit E** is a true and correct copy of results from a search for "Doe II's" name on Google.

9.      AutoAdmit users will sometimes take steps to insure that message threads containing statements about an individual appear as one of the first search results returned by Google—a practice commonly known as "google-bombing." *See* Doe II Decl. Ex. 22 (see p.7).

### Plaintiffs' Efforts to Identify and Serve the Defendants

10.      Plaintiffs have made repeated efforts and expended considerable resources and time in order to identify and serve the pseudonymous defendants in this case.

11.      In particular, my firm has sought information relating to the identities of the defendants from several different sources, including AutoAdmit.com, Domains by Proxy, GoDaddy, PenTeleData, Microsoft (owner of Hotmail), HighBeam Research, University of North Carolina, VLEX, ServInt Internet Services, University of Virginia, Yale Law School, AT&T/SBC and Embarq. These entities are believed to have assigned Internet Protocol ("IP") addresses to defendants, to have been used by defendants to send email, or to have IP addresses because defendants have visited their web sites. Attached hereto as **Exhibit F** are true and correct copies of correspondence sent by my firm to these entities, asking them to disclose information relating to the identities of any of the defendants, or at a minimum to preserve that information for future discovery. My firm contacted Yale Law School, Embarq and AT&T by telephone.

12.     My firm has contacted Jarret Cohen and Anthony Ciolli through their counsel. Attached hereto as **Exhibit G** are true and correct copies of correspondence sent to both through their counsel.

13.     In early January 2008, my colleague Ben Berkowitz contacted Ryan Mariner, an individual who is believed to have information regarding one or more of the defendants, to voluntarily provide relevant discovery.  Mr. Mariner has not provided any information.

14.     None of the entities or persons that we have contacted agreed to provide the information requested.  Attached hereto as **Exhibit H** are true and correct copies of responses we received from the various entities and individuals we contacted.

15.     On November 9, 2007, I posted a notice on AutoAdmit.com requesting that defendants come forward for the purpose of being served with the complaint and conducting a meet and confer.  The notice included my and my colleague Ashok Ramani's contact information.  To date, neither I nor Mr. Ramani has received any response.   A true and correct copy of the November 9, 2007 notice that I posted on AutoAdmit is attached hereto as **Exhibit I**.

16.     On November 27, 2007, I posted another notice on AutoAdmit.com.  That notice stated:

> Plaintiffs' counsel hereby renews the previously-posted request that individuals who have used, or currently use, the above pseudonyms on this web site provide identifying information and/or the identity of counsel representing them so that plaintiffs' counsel may serve them with the complaint and conduct a Fed. R. Civ. P. 26(f) conference. Plaintiffs' counsel may be contacted at (415) 391 5400. Please ask for Ashok Ramani or Steve Mitra. In addition, plaintiffs' counsel may also be contacted by email at doelawsuit@kvn.com.

> Plaintiffs' counsel also hereby notifies individuals who have used the above pseudonyms that plaintiffs intend to move the U.S. District Court, District of Connecticut, to allow plaintiffs to conduct expedited discovery to uncover defendants' identities.

A true and correct copy of the November 27, 2007 notice posted on AutoAdmit is attached hereto as **Exhibit J**.

17.     No defendants have come forward as of the date of this filing.

18.     Attached hereto as **Exhibit K** are true and correct copies of subpoenas that

Plaintiffs intend to seek from AT&T/SBC, AutoAdmit, Anthony Ciolli, Jarret Cohen, Domains by Proxy, Embarq Corporation, GoDaddy.com, HighBeam Research, Inc., Ryan Mariner, Microsoft Corporation, PenTeleData, Inc., ServInt Internet Services, University of North Carolina, University of Virgina, VLEX LLC, and Yale Law School Information Technology.

19.     My understanding is that Internet Service Providers and the other entities that plaintiffs seek identifying information from delete such information on an ongoing basis.  For instance, PenTeleData, Inc. deletes identifying information every 60 days. Microsoft preserves information for 90 days from a request for preservation.

20.     I declare under penalty of perjury that the foregoing is true and correct, and executed this 24th day of January, 2008.

_____/s/ Steve Mitra_____
STEVE MITRA

# Exhibit A

The Most Prestigious Law School Admissions Discussion Board In The World.

Page 1 of 4

1/16/2008

**Law School Discussion Categories:**

**Academic Programs Discussion**
Part Time Law School Discussion
Joint Degree Program Discussion
Law School Study Abroad Discussion
LLM Program Discussion
JSD/PhD Program Discussion
Non-Law Academic Program Discussion

**Law School Admissions Process Discussion**
Admissions Decisions Discussion
Where should I apply?
JD Admissions Discussion
LLM/JSD/PhD Admissions Discussion
Law School Fee Waivers Discussion
Special Circumstances
What are my Chances?
Where do I enroll?

**Standardized Tests Discussion**
LSAT Discussion
TOEFL Discussion
GRE Discussion
GMAT Discussion
MCAT Discussion
SAT Discussion
Other Standardized Tests Discussion

# AutoAdmit ™

*The most prestigious law school discussion board in the world.*

| Register | New Messages | Options | Change Username | Login/out |

## Law School Enhanced (switch)
### College | Grad | Law

## Statement on U.C. Hastings Evacuation

### CLICK TO VIEW ONLY SCHOOL-RELATED THREADS

Search: _____ | Post | Refresh |

✓ **Over 7,000,000 posts since March 2004.**

- STICKY: ITT you tell me what you want — 01/04/08 (513)
- STICKY: Public Announcement by rachmiel — 12/24/07 (252)
- I'd rather cut off my balls than post under a CA — 01/16/08 (36)
- Got BIGLAW out of Tulane - Taking Questions — 01/16/08 (25)
- BREAK YA fuckin NECK, BITCHES — 01/16/08 (6)
- Your favorite bar/lounge/club in the world? — 01/16/08 (104)
- David Thorpes from ESPN, he would be the best xo Poster — 01/16/08 (1)
- Taking bar in another state — 01/16/08 (11)
- ITT- WE VOTE TO ELIMINATE 1 SOUTHERN STATE — 01/16/08 (67)
- Why do most gays like boomjoe have a bitchy personality? — 01/16/08 (64)
- Cum Laude — 01/16/08 (7)
- I wish Rowan, BlueSmoke, and HomerJSimpson would leave xoxo — 01/16/08 (1)
- Am I spineless or super-confident? — 01/16/08 (8)
- what kind of guy is Madame Cunt's "type"? — 01/16/08 (4)
- POLL: Miller Lite or Bud Lite? — 01/16/08 (61)
- More elite: Curtis Institute or YLS? — 01/16/08 (126)
- In this thread, we post a SCREENSHOT of our desktop — 01/16/08 (101)
- xboxdood merely PRETENDS to be my friend — 01/16/08 (1)
- "itt we act like indians" — 01/16/08 (7)
- As if we didn't already know Tom Cruise was bat-shit crazy … — 01/16/08 (7)
- X are my grades at CLS. What firm should I hope for? — 01/16/08 (2)
- RATE this Indian slut — 01/16/08 (3)
- I don't know if I should skip class to go to chipotle or not — 01/16/08 (1)
- Worth it to do clerkship at US Bankruptcy Court? — 01/16/08 (2)
- Philly's mayor's inauguration… rate the dude rapping.. (link) — 01/16/08 (4)
- Japanese BusinessDood is fucking insane… — 01/16/08 (2)

**AutoAdmit.com Studies**

**2007 BigLaw Salary Charts** (UPDATED: 4/7/07 3:39AM)

**Submit Your 1L Job Results!**

**Law School Numbers**

**4LawSchool.co**

**Law Student Paradise**

**Xo Wiki**

**Email Us:**
contact@autoadn

**Great Sites:**

**Link Exchange Partners**

**Challenge To Reputation Defender**

The Most Prestigious Law School Admissions Discussion Board In The World.

Page 2 of 4

**Why Brian Leiter Hates Us**

## Bar Admissions
### Discussion
- why would anyone buy a macbook air? — 01/16/08 (34)
- More impressive: Bulls 72-10 or Patriots 19-0? — 01/16/08 (88)

**Bar Exam Discussion**
- Would white men ever watch wgweg porn? — 01/16/08 (2)

**MBE Discussion**
- 190K in Chi & 345K in NY, True? (not flame) — 01/16/08 (84)

**MPRE Discussion**
- tell me what to get at chipotle — 01/16/08 (5)

**The Patent Bar Discussion**
- How easy is it to meet a successful gf guy in New York? — 01/16/08 (52)

**Character and Fitness Discussion**
- ooh, I've never lived through a recession — 01/16/08 (28)
- consulting question — 01/16/08 (7)

## Law School
### Financial Aid
### Discussion
- Good time to buy stucks now. Lots of value. — 01/16/08 (1)
- Hypothetical Bar Question — 01/16/08 (1)

**Merit Aid Discussion**
- ITT I post symphonies and you rate them. — 01/16/08 (74)

**Need-Based Aid Discussion**
- Seriously, I know dumbasses at HLS, YLS, HBS, Wharton and GS. — 01/16/08 (5)

**Law School Loans Discussion**
- Why did the Dolphins hire a TV mobster as their head coach? — 01/16/08 (2)

**Outside Scholarships Discussion**
- News interview with kid who threw huge house party, funny. — 01/16/08 (9)
- Curtis v YLS thread is awful. Save yourself. — 01/16/08 (4)
- Gays hate minorities, yet want the most civil rights of all — 01/16/08 (1)
- ITT we talk about Dave Matthews Band — 01/16/08 (95)
- Im starting One Million People for Lou Dobbs to SHUT THE FUCK UP — 01/16/08 (3)
- need ideas for rekindling sexual interest in LEITER — 01/16/08 (3)
- what is the best overgraduate school? — 01/16/08 (23)

## Law School
### Employment
### Discussion
- .........just a total mess — 01/16/08 (23)
- Everything else aside, Hillary Clinton just looks scary. — 01/16/08 (15)

**0L Employment Discussion**
- Is Vienna a very prestigious city? — 01/16/08 (19)

**1L Employment Discussion**
- Listening to Perlman's Caprices - HOLY SHIT! — 01/16/08 (41)

**2L Employment Discussion**
- Diebold is Fucked Up Re:Clinton — 01/16/08 (1)

**3L Employment Discussion**
- Demerit Martin dropped out of NYU one year short of graduating — 01/16/08 (1)

**Employment During Law School Discussion**
- Is Indian food healthy? — 01/16/08 (6)

**Types of Employment Discussion**
- Hillary to Women: FUCK YOU, PAY ME! — 01/16/08 (6)

**Law School Placement Discussion**
- Um, so Hillary Clinton wants to DISFRANCHISE Union voters? — 01/16/08 (32)

**Diversity & Affirmative Action Discussion**
- LOL at smear job on McCain, must see cartoon — 01/16/08 (14)
- More impressive: a pound of cotton or a pound of iron? — 01/16/08 (1)

**Legal Markers Discussion**
- HOly fucking SHIT, hottest girl ever on goddesspost — 01/16/08 (1)
- halo3 sort of sucks — 01/16/08 (11)
- Obama is NOT a good speaker, what u guys talking about? — 01/16/08 (1)

## Law School Life
### Discussion
- MI results, GOP In tatters; Clinton weakened pre-NV + SC — 01/16/08 (23)
- Top 20 things I need to know about NBA basketball? — 01/16/08 (33)

**Admitted Student Events & Visits Discussion**
- Name ANY politicians that are more intelligent than Barack Obama — 01/16/08 (21)

**Pre-1L Preparation Discussion**
- Homer/Simpson is my FRIEND — 01/16/08 (7)

**Computers & Technology Discussion**
- Taking QUESTIONS — 01/16/08 (8)
- cspan's hottest hostess is on this morning — 01/16/08 (2)

**Law School Orientation Discussion**
- On January 23, 2008, I release a youtube video — 01/16/08 (3)
- What's a good forum for TTT lawyers? — 01/16/08 (3)
- The barbarity of sex. — 01/16/08 (57)

The Most Prestigious Law School Admissions Discussion Board In The World.

| | |
|---|---|
| Law School Classes Discussion | |
| Journals & Moot Court Discussion | |
| Law School Housing Discussion | |
| Law School Dining Discussion | |
| Law School Extracurriculars Discussion | |
| Law School Safety Discussion | |
| Law School Diversity Discussion | |
| Law School Grades & Honors | |

○ Atonement: Vastly overrated movie — 01/16/08 (3)
○ New bf bought car today, offered me the extra key — 01/16/08 (60)
○ Elder lady, owns lots of cats, lives alone, seeking abusive man. — 01/16/08 (2)
○ Ask me Questions. Yell at me. Tell me your complaints — 01/16/08 (35)
○ Cornell 1Ls ... top heavy — 01/16/08 (12)
○ Vanderbilt students: why do they dislike minorities? — 01/16/08 (1)
○ AG here, afraid to post pics b/c of JBD — 01/16/08 (2)
○ Vanderbilt KKK member taking questions — 01/16/08 (1)
○ Poll - who killed JFK? — 01/16/08 (25)
○ hey, can somebody anybody tell me why we die, we die? — 01/16/08 (5)
○ "Plays opening guitar licks from Sweet Home Alabama" — 01/16/08 (4)
○ Homer/Simpson -does that retarded kikey oaf still post here? — 01/16/08 (5)
○ ITT: We discuss tonight's XOXOHTH.COM meetup — 01/16/08 (7)
○ BRAD RENFRO SHOOTING HEROIN IN HELL! — 01/16/08 (7)

## Law School Rankings Discussion

| | |
|---|---|
| U.S. News Law School Rankings Discussion | |
| Brian Leiter's Law School Rankings Discussion | |
| Cooley's Law School Rankings Discussion | |
| Vault Law School & Law Firm Rankings Discussion | |
| American Lawyer Summer Associate Survey Discussion | |
| AutoAdmit Law School Employment Rankings Discussion | |
| AutoAdmit Student Preference Rankings Discussion | |
| Other Rankings Discussion | |

○ I'm sitting in class, unsure whether I thoroughly wiped my ass — 01/16/08 (36)
○ GULC corporations outline for Dinh? — 01/16/08 (9)
○ Pic of NYUUG!!! — 01/16/08 (6)
○ Best 2 meet women: hit on them 24/7, or extend friend network? — 01/16/08 (11)
○ MORE IMPRESSIVE: ROMNEY/ OBAMA — 01/16/08 (19)
○ Poll - Who killed Dudley Moore? — 01/16/08 (6)
○ Poll - Who is killing the great chefs of Europe? — 01/16/08 (1)
○ Accepted 1L SA, Got Really Good Grades, PWN3D? — 01/16/08 (13)
○ paying off loans as a contract attorney: feasible? — 01/16/08 (1)
○ Poll - Who killed Davey Moore? — 01/16/08 (4)
○ Who else is going to hang with prestigious Skadden doods @ Nobu? — 01/16/08 (5)
○ Holy shit, my AMEX bill... — 01/16/08 (26)
○ ITT: I BREAK DOWN THE SOUTHERN U.S. INTO 4 DISTINCT REGIONS — 01/16/08 (64)
○ ACLU: bathroom stall sex = reasonable expectation of privacy — 01/16/08 (5)
○ <2 months till "mandy" fails bar again — 01/16/08 (11)
○ arrow: i want you to huff my jenkem — 01/16/08 (4)
○ Poll: Who Killed Bobby Fuller? — 01/16/08 (1)
○ Poll - Who killed Nicole Simpson? — 01/16/08 (5)
○ Obama - I'm very disorganized — 01/16/08 (10)
○ What song do you want played at your FUNERAL? — 01/16/08 (73)

## Law School News Discussion

○ More Likeable: Hillary or a piece of Cow Dung? — 01/16/08 (3)
○ Fulano been hanging w/ Kenyon Martin??? — 01/16/08 (1)
○ Iowa v. Kent? — 01/16/08 (33)

## Law Firm News Discussion

○ Greta Wodele - CSPAN mega babe — 01/16/08 (7)
○ Anyone else notice nyuug was M.I.A. during dmbfan18's assault? — 01/16/08 (63)
○ two cops in uniform executed in atlanta ambush — 01/16/08 (2)
○ which game has the best graphics of all time? — 01/16/08 (14)

## Law School Discussion

○ "This chart answers "what is most prestigios UG degree" — 01/16/08 (45)
○ Help me prepare for i-banking interview — 01/16/08 (11)

| | |
|---|---|
| All Law School Discussions | ○ is it a good idea to live in new jersey to avoid NY income tax? — 01/16/08 (3) |

The Most Prestigious Law School Admissions Discussion Board In The World.

## Law Firm Discussion
Individual Law Firms

## Judges & Clerking Discussion
U.S. Supreme Court Discussion
U.S. Circuit Courts of Appeals Discussion
U.S. District Courts Discussion
State Courts

## Taking Questions

## Site Issues Discussion

- ITT. We call on nyuug to choose: dmbfan18 or nyuug, but not both — 01/16/08 (134)
- 40-60 school, 1st semester below median grades — 01/16/08 (2)
- Which Dcrat would surrender at the first sign of the n viets — 01/16/08 (14)
- WHITE GIRLS WITH ASIAN GUYS WGWAG — 01/16/08 (3)
- how come europe is not as indebted to china as we are? — 01/16/08 (2)
- Dean Pritchard was the first community account — 01/16/08 (2)
- Pick One to be destroyed forever: Gwerks, Hizzle, Rowine — 01/16/08 (14)
- LARGE FIRM GAYS IN CALI AND NYC — 01/16/08 (51)
- ITT: You explain your constant faggotry — 01/16/08 (4)
- What are the top 5 most used Community Accounts? — 01/16/08 (17)
- Login: Gerkys Pass: Gorkys HTH — 01/16/08 (1)
- CHOOSE — 01/16/08 (1)
- MITT=OWNIN' — 01/16/08 (31)
- Just figured out I have Angiokeratoma of the Scrotum. Taking ?s — 01/16/08 (2)
- Prediction: Clinton/Villaraigosa '08-'16 — 01/16/08 (7)
- Black female Princeton Professor PWNS Steinem on Hillary — 01/16/08 (23)
- Hizzla nightmare — 01/16/08 (2)
- J.. do u liek mudkipz? — 01/16/08 (2)
- ITT: I Explain Why Mitt Romney is not a "fake" — 01/16/08 (20)
- I shit on people from South Carolina (literally) — 01/16/08 (3)
- J.. are you into MACHINIMA? — 01/16/08 (3)
- Why dont Huckabees fat kids attend his rallies like Romneys do? — 01/16/08 (1)
- Tell me about classic looking Irish pubs in Atlanta — 01/16/08 (1)
- I'm in the X percentile at Y. Can I get BIGLAW? — 01/16/08 (1)
- J. is edgy and cool — 01/16/08 (27)
- X are my grades. What firms should I hope for? — 01/16/08 (2)
- Are there more sex words starting w/"f" than any other letter? — 01/16/08 (13)
- Extra points on final grade for participation — 01/16/08 (1)
- MITT=BLOWIN' — 01/16/08 (1)
- Higher Forces are at work against gays — 01/16/08 (3)
- Hillary and Bill sounds a lot like Hillbilly, coincidence? — 01/16/08 (3)
- post porn clips you are watching or watched today — 01/16/08 (4)
- apple education store? — 01/16/08 (1)
- I genuinely think Hillary Clinton gives inadequate blowjobs. — 01/16/08 (10)
- Blacks in Michigan say inability to vote for Obama reeks of 60's — 01/16/08 (1)
- 9 year old girl with pigtails, taking questions — 01/16/08 (31)
- the KKK supports Ron Paul — 01/16/08 (1)
- Michigan's Ominous Message for Hillary Clinton — 01/16/08 (7)
- ITT: We discuss why Lieberman is such a doucheball — 01/16/08 (6)

## Navigation: Jump To Home >>(2)>>

# Exhibit B

The Most Prestigious Law School Admissions Discussion Board In The World.

Page 1 of 4

1/16/2008

# AutoAdmit™

*The most prestigious law school discussion board in the world.*

■ Exit ● New Message ▶ Options ▶ Change Username ▶ Logout/in

## Law School Enhanced (switch)
College | Grad | Law

## Statement on U.C. Hastings Evacuation

### CLICK TO VIEW ONLY SCHOOL-RELATED THREADS

Search: [        ]

▶ New Message ▶ Refresh

**Law School Discussion Categories:**

**Academic Programs Discussion**
Part Time Law School Discussion
Joint Degree Program Discussion
Law School Study Abroad Discussion
LLM Program Discussion
JSD/PhD Program Discussion
Non-Law Academic Program Discussion

**Law School Admissions Process Discussion**
Admissions Decisions Discussion
Where should I apply?
JD Admissions Discussion
LLM/JSD/PhD Admissions Discussion
Law School Fee Waivers Discussion
Special Circumstances
What are my Chances?
Where do I enroll?

**Standardized Tests Discussion**
LSAT Discussion
TOEFL Discussion
GRE Discussion
GMAT Discussion
MCAT Discussion
SAT Discussion
Other Standardized Tests Discussion

✎ **Over 7,000,000 posts since March 2004.**
- STICKY: ITT you tell me what you want — 01/04/03 (513)
- STICKY: Public Announcement by rachmiel — 12/24/07 (252)
- I'd rather cut off my balls than post under a CA — 01/16/08 (41)
- David Thorpes from ESPN, he would be the best xo Poster — 01/16/08 (66)
- Why do most gays like bootripe have a bitchy personality? — 01/16/08 (2)
- too many XOXO STUDS JOCKEYING for position now — 01/16/08 (1)
- Am I spineless or super-confident? — 01/16/08 (10)
- Got BIGLAW out of Tulane - Taking Questions — 01/16/08 (25)
- BREAKYA fuckin NECK, BITCHES — 01/16/08 (6)
- Your favorite bar/lounge/club in the world? — 01/16/08 (104)
- Taking bar in another state — 01/16/08 (11)
- ITT: WE VOTE TO ELIMINATE 1 SOUTHERN STATE — 01/16/08 (67)
- Cum Laude — 01/16/08 (7)
- I wish Roxan, BlueSmoke, and HomerJSimpson would leave xoxo — 01/16/08 (1)
- what kind of guy is Madame Cunt's "type"? — 01/16/08 (1)
- POLL: Miller Lite or Bud Lite? — 01/16/08 (61)
- More elite: Curtis Institute or YLS? — 01/16/08 (126)
- In this thread, we post a SCREENSHOT of our desktop — 01/16/08 (101)
- xboxxbod merely PRETENDS to be my friend — 01/16/08 (1)
- "tit we act like indians" — 01/16/08 (7)
- As if we didn't already know Tom Cruise was batshit crazy — 01/16/08 (7)
- X are my grades at CLS. What firm should I hope for? — 01/16/08 (2)
- RATE this Indian slut — 01/16/08 (3)
- I don't know if I should skip class to go to chipotle or not — 01/16/08 (1)
- Worth it to do clerkship at US Bankruptcy Court? — 01/16/08 (2)
- Philly's mayor's inauguration... rate the dude rapping... (link) — 01/16/08 (4)

AutoAdmit.com Studies

2007 BigLaw Salary Charts (UPDATED: 4/7/07 3:39AM)

Submit Your 1L Job Results!

Law School Numbers

4LawSchool.con

Law Student Paradise

Xo Wiki

Email Us: contact@autoadn

Great Sites:

Link Exchange Partners

Challenge To Reputation Defender

# The Most Prestigious Law School Admissions Discussion Board In The World.

**Why Brian Leiter Hates Us**

## Bar Admissions Discussion

- Japanese BusinessDood is fucking insane..... — 01/16/08 (2)
- why would anyone buy a macbook air? — 01/16/08 (34)
- More Impressive: Bulls 72-10 or Patriots 19-0? — 01/16/08 (88)
- Would white men ever watch wawag porn? — 01/16/08 (2)
- 190k in Chi is 346k in NY. True? (not flame) — 01/16/08 (84)
- tell me what to get at chipotle — 01/16/08 (5)
- How easy is it to meet a successful gl guy in New York? — 01/16/08 (52)
- consulting question — 01/16/08 (7)

Bar Exam Discussion
MBE Discussion
MPRE Discussion
The Patent Bar Discussion
Character and Fitness Discussion

## Law School Financial Aid Discussion

- ooh, I've never lived through a recession — 01/16/08 (28)
- Good time to buy stucks now. Lots of value. — 01/16/08 (1)
- Hypothetical Bar Question — 01/16/08 (1)
- ITT I post symphonies and you rate them. — 01/16/08 (74)
- Seriously, I know dumbasses at HLS, YLS, HBS, Wharton and GS. — 01/16/08 (5)
- Why did the Dolphins hire a TV mobster as their head coach? — 01/16/08 (2)
- News interview with kid who threw huge house party, funny. — 01/16/08 (1)
- Curtis v YLS thread is awful. Save yourself. — 01/16/08 (9)
- Gays hate minorities, yet want the most civil rights of all — 01/16/08 (4)
- Im starting One Million People for Lou Dobbs to SHUT THE FUCK UP — 01/16/08 (1)

Merit Aid Discussion
Need-Based Aid Discussion
Law School Loans Discussion
Outside Scholarships Discussion

## Law School Employment Discussion

- ITT we talk about Dave Matthews Band — 01/16/08 (95)
- need ideas for rekindling sexual interest in LEITER — 01/16/08 (3)
- what is the best overgraduate school? — 01/16/08 (1)
- ~~~~~~~~~~~ — 01/16/08 (23)
- ........ just a total mess — 01/16/08 (15)
- Everything else aside, Hillary Clinton just looks scary. — 01/16/08 (19)
- Is Vienna a very prestigious city? — 01/16/08 (41)
- Listening to Perlman's Caprices - HOLY SHIT! — 01/16/08 (1)
- Diebold Is Fucked Up Re:Clinton — 01/16/08 (5)
- Demetri Martin dropped out of NYU one year short of graduating — 01/16/08 (6)
- Is Indian food healthy? — 01/16/08 (1)
- Hillary to Women: FVCK YOU, PAY ME! — 01/16/08 (32)
- Um, so Hillary Clinton wants to DISFRANCHISE Union voters? — 01/16/08 (14)
- LOL at smear job on McCain: must see cartoon — 01/16/08 (1)
- More impressive: a pound of cotton or a pound of iron? — 01/16/08 (2)
- HOly fucking SHIT, hottest girl ever on goddesspost — 01/16/08 (11)
- halo3 sort of sucks — 01/16/08 (1)

0L Employment Discussion
1L Employment Discussion
2L Employment Discussion
3L Employment Discussion
Employment During Law School Discussion
Types of Employment Discussion
Law School Placement Discussion
Diversity & Affirmative Action Discussion
Legal Markets Discussion

## Law School Life Discussion

- Obama is NOT a good speaker, what u guys talking about? — 01/16/08 (23)
- MI results: GOP in tatters: Clinton weakened pre-NV + SC — 01/16/08 (33)
- Top 20 things I need to know about NBA basketball? — 01/16/08 (21)
- Name ANY politicians that are more intelligent than Barack Obama — 01/16/08 (7)
- Homer/Simpson is my FRIEND — 01/16/08 (8)
- Taking QUESTOINS — 01/16/08 (8)
- cspan's hottest hostess is on this morning — 01/16/08 (1)
- On January 23, 2008, I release a youtube video — 01/16/08 (1)
- What's a good forum for TTT lawyers? — 01/16/08 (3)

Admitted Student Events & Visits Discussion
Pre-1L Preparation Discussion
Computers & Technology Discussion
Law School Orientation Discussion

# The Most Prestigious Law School Admissions Discussion Board In The World.

Law School Classes Discussion
- The barbarity of sex. — 01/16/08 (57)
- Atonement: Vastly overrated movie — 01/16/08 (3)
- New fb bought car today, offered me the extra key — 01/16/08 (60)

Journals & Moot Court Discussion
- Elder lady, owns lots of cats, lives alone, seeking abusive man. — 01/16/08 (2)

Law School Housing Discussion
- Ask me Questions. Yell at me. Tell me your complaints — 01/16/08 (35)

Law School Dining Discussion
- Cornell 1Ls . . . top heavy — 01/16/08 (12)
- Vanderbilt students: why do they dislike minorities? — 01/16/08 (1)

Law School Extracurriculars Discussion
- AG here, afraid to post pics b/c of JBD — 01/16/08 (1)
- Vanderbilt KKK member taking questions — 01/16/08 (1)

Law School Safety Discussion
- Poll - who killed JFK? — 01/16/08 (25)
- hey, can somebody anybody tell me why we die, we die? — 01/16/08 (5)

Law School Diversity Discussion
- "Plays opening guitar licks from Sweet Home Alabama" — 01/16/08 (2)
- Homer/Simpson -does that retarded kikey oaf still post here? — 01/16/08 (5)

Law School Grades & Honors
- ITT: We discuss tonight's XOXOHTH.COM meetup — 01/16/08 (7)
- BRAD RENFRO SHOOTING HEROIN IN HELL! — 01/16/08 (7)

## Law School Rankings Discussion
- I'm sitting in class, unsure whether I thoroughly wiped my ass — 01/16/08 (36)

U.S. News Law School Rankings Discussion
- GULC corporations outline for Dinh? — 01/16/08 (1)

Brian Leiter's Law School Rankings Discussion
- Pic of NYUUG!!! — 01/16/08 (9)
- Best 2 meet women: hit on them 24/7, or extend friend network? — 01/16/08 (11)

Cooley's Law School Rankings Discussion
- MORE IMPRESSIVE: ROMNEY/ OBAMA — 01/16/08 (19)
- Poll - Who killed Dudley Moore? — 01/16/08 (6)

Vault Law School & Law Firm Rankings Discussion
- Poll - Who is killing the great chefs of Europe? — 01/16/08 (1)
- Accepted 1L SA, Got Really Good Grades, PWN3D? — 01/16/08 (13)
- paying off loans as a contract attorney: feasible? — 01/16/08 (1)

American Lawyer Summer Associate Survey Discussion
- Poll - Who killed Davey Moore? — 01/16/08 (4)
- Who else is going to hang with prestigious Skadden doods @ Nobu? — 01/16/08 (5)

AutoAdmit Law School Employment Rankings Discussion
- Holy shit, my AMEX bill... — 01/16/08 (26)
- ITT I BREAK DOWN THE SOUTHERN U.S. INTO 4 DISTINCT REGIONS — 01/16/08 (64)
- ACLU: bathroom stall sex = reasonable expectation of privacy — 01/16/08 (11)

AutoAdmit Student Preference Rankings Discussion
- <2 months till "mandy" fails bar again — 01/16/08 (4)
- arrow: I want you to huff my jenkem — 01/16/08 (1)
- Poll: Who Killed Bobby Fuller? — 01/16/08 (5)

Other Rankings Discussion
- Poll - Who killed Nicole Simpson? — 01/16/08 (10)
- Obama - I'm very disorganized — 01/16/08 (73)

## Law School News Discussion
- What song do you want played at your FUNERAL? — 01/16/08 (3)
- More Likeable: Hillary or a piece of Cow Dung? — 01/16/08 (1)
- Fujano been hanging w/ Kenyon Martin??? — 01/16/08 (33)

## Law Firm News Discussion
- Iowa v. Kent? — 01/16/08 (7)
- Greia Wodele - CSPAN mega babe — 01/16/08 (63)
- Anyone else notice nyuug was M.I.A. during dmbfan18's assault? — 01/16/08 (2)

## Law School Discussion
- two cops in uniform executed in atlanta ambush — 01/16/08 (14)
- which game has the best graphics of all time? — 01/16/08 (45)
- This chart answers "what is most prestigios UG degree" — 01/16/08 (11)

All Law School Discussions
- Help me prepare for i-banking interview

The Most Prestigious Law School Admissions Discussion Board In The World.

## Law Firm Discussion
Individual Law Firms

## Judges & Clerking Discussion
U.S. Supreme Court
Discussion
U.S. Circuit Courts of Appeals
Discussion
U.S. District Courts
Discussion
State Courts

## Taking Questions

## Site Issues Discussion

- Is it a good idea to live in new jersey to avoid NY income tax?                01/16/08 (3)
- ITT: We call on nyuug to choose: dmblan18 or nyuug, but not both              01/16/08 (134)
- 40-60 school, 1st semester below median grades                                01/16/08 (2)
- Which Dcrat would surrender at the first sign of the n.viets                  01/16/08 (14)
- WHITE GIRLS WITH ASIAN GUYS WGWAG                                             01/16/08 (3)
- how come europe is not as indebted to china as we are?                       01/16/08 (2)
- Dean Pritchard was the first community account                                01/16/08 (2)
- Pick One to be destroyed forever: Gwerks, Hizzle, Rowine                      01/16/08 (14)
- LARGE FIRM GAYS IN CALI AND NYC                                               01/16/08 (51)
- ITT: You explain your constant faggotry                                       01/16/08 (4)
- What are the top 5 most used Community Accounts?                              01/16/08 (17)
- Login: Gorkys Pass: Gorkys HTH                                                01/16/08 (1)
- CHOOSE                                                                        01/16/08 (1)
- MITT=OWNIN                                                                    01/16/08 (31)
- Just figured out I have Angiokeratoma of the Scrotum.. Taking ?s             01/16/08 (2)
- Prediction: Clinton/Villaraigosa '08-'16                                      01/16/08 (7)
- Black female Princeton Professor PWNS Steinem on Hillary                      01/16/08 (23)
- Hizzla nightmare                                                              01/16/08 (2)
- J., do u llek mudkipz?                                                        01/16/08 (2)
- ITT: I Explain Why Mitt Romney is not a "fake"                                01/16/08 (20)
- I shit on people from South Carolina (literally)                             01/16/08 (3)
- J., are you into MACHINIMA?                                                   01/16/08 (3)
- Why dont Huckabees fat kids attend his rallies like Romneys do?              01/16/08 (1)
- Tell me about classic looking Irish pubs in Atlanta                          01/16/08 (1)
- I'm in the X percentile at Y.. Can I get BIGLAW?                             01/16/08 (1)
- J. is edgy and cool                                                          01/16/08 (27)
- X are my grades. What firms should I hope for?                               01/16/08 (1)
- Are there more sex words starting w/"f" than any other letter?              01/16/08 (13)
- Extra points on final grade for participation                                01/16/08 (1)
- MITT=BLOWIN'                                                                 01/16/08 (1)
- Higher Forces are at work against gays                                        01/16/08 (3)
- Hillary and Bill sounds a lot like Hillbilly, coincidence?                   01/16/08 (3)
- post porn clips you are watching or watched today                           01/16/08 (4)
- apple education store?                                                        01/16/08 (1)
- I genuinely think Hillary Clinton gives inadequate blowjobs.                 01/16/08 (10)
- Blacks in Michigan say inability to vote for Obama reeks of 60's             01/16/08 (1)
- 9 year old girl with pigtails, taking questions                              01/16/08 (31)
- the KKK supports Ron Paul                                                     01/16/08 (1)
- Michigan's Ominous Message for Hillary Clinton                                01/16/08 (7)

## Navigation: Jump To Home >>(2)>>

# Exhibit C

Copyright 2007 The Washington Post

# The Washington Post

# washingtonpost.com

The Washington Post

March 7, 2007 Wednesday
Final Edition

**SECTION:** A Section; A01

**LENGTH:** 1521 words

**HEADLINE:** Harsh Words Die Hard on the Web;
Law Students Feel Lasting Effects of Anonymous Attacks

**BYLINE:** Ellen Nakashima, Washington Post Staff Writer

**BODY:**

She graduated Phi Beta Kappa, has published in top legal journals and completed internships at leading institutions in her field. So when the Yale law student interviewed with 16 firms for a job this summer, she was concerned that she had only four call-backs. She was stunned when she had zero offers.

Though it is difficult to prove a direct link, the woman thinks she is a victim of a new form of reputation-maligning: online postings with offensive content and personal attacks that can be stored forever and are easily accessible through a Google search.

The woman and two others interviewed by The Washington Post learned from friends that they were the subject of derogatory chats on a widely read message board on AutoAdmit, run by a third-year law student at the University of Pennsylvania and a 23-year-old insurance agent. The women spoke on the condition of anonymity because they feared retribution online.

The law-school board, one of several message boards on AutoAdmit, bills itself as "the most prestigious law school admissions discussion board in the world." It contains many useful insights on schools and firms. But there are also hundreds of chats posted by anonymous users that feature derisive statements about women, gays, blacks, Asians and Jews. In scores of messages, the users disparage individuals by name or other personally identifying information. Some of the messages included false claims about sexual activity and diseases. To the targets' dismay, the comments bubble up through the Internet into the public domain via Google's powerful search engine.

The site's founder, Jarret Cohen, the insurance agent, said the site merely provides a forum for free speech. "I want it to be a place where people can express themselves freely, just as if they were to go to a town square and say whatever brilliant or foolish thoughts they have," Cohen said.

The students' tales reflect the pitfalls of popular social-networking sites and highlight how social and technological changes lead to new clashes between free speech and privacy. The chats are also a window into the character of a segment of students at leading law schools. Penn officials said they have known about the site and the complaints for two years but have no legal grounds to act against it. The site is not operated with school resources.

Nor is it the only forum for such discussions, but it may be the largest "and is certainly the highest profile," said David A. Hoffman, a Temple University law professor who has conducted research on AutoAdmit.

Employers, including law firms, frequently do Google searches as part of due diligence checks on prospective employees. According to a December survey by the Ponemon Institute, a privacy research organization, roughly half of U.S. hiring officials use the Internet in vetting job applications. About one-third of the searches yielded content used to deny a job, the survey said. The legal hiring market is very competitive. What could tip the balance is the appearance that a candidate is a lightning rod for controversy, said Mark Rasch, a Washington lawyer and consultant who specializes in Internet issues.

The trend has even spawned a new service, ReputationDefender, whose mission is to search for damaging content online and destroy it on behalf of clients. Generally, the law exempts site operators from liability for the content posted by others, though it does not prevent them from removing offensive items.

"For many people the Internet has become a scarlet letter, an albatross," said Michael Fertik, ReputationDefender's chief executive. The company is launching a campaign to get AutoAdmit to cleanse its site and encourage law schools to adopt a professional conduct code for students.

Kurt Opsahl, a staff attorney at the Electronic Frontier Foundation, a privacy and free speech advocacy group, said anonymous cyber-writers can be sued for defamation. A judge can require a Web site host or operator to disclose a user's identifying information. Also, he said, the Internet allows those who feel slandered to put forth their own point of view. "The cure to bad speech is more speech," he said.

The chats sometimes include photos taken from women's Facebook pages, and in the Yale student's case, one person threatened to sexually violate her. Another participant claimed to be the student, making it appear that she was taking part in the discussion.

"I didn't understand what I'd done to deserve it," said the student. "I also felt kind of scared because it was someone in my community who was threatening physical and sexual violence and I didn't know who."

The woman e-mailed the site's administrators and asked them to remove the material. She said she received no response. Then she tried contacting Google, which simply cited its policy that the Web site's administrator must remove the material to clear out the search results.

AutoAdmit.com, which also uses the domain name xoxohth.com and which hosts Google-served ads, was launched in 2004. Cohen and his partner, Anthony Ciolli, cite First Amendment ideals. "We are very strong believers in the freedom of expression and the marketplace of ideas . . . and almost never censor content, no matter how abhorrent it may be," they wrote in a posting on someone else's blog. The vast majority of chat threads, they wrote, are school-related. "The only time you'll see 20 or so racist threads on the site is if you proactively search for them."

They said the success of the site's message boards -- they claim 800,000 to 1 million unique visitors a month -- owes to its free, anonymous exchange of ideas. "In fact, one finds overall a much deeper and much more mature level of insight in a community where the ugliest depths of human opinion are confronted, rather than ignored," they wrote.

One chat thread included a sexual joke about a female Holocaust victim.

In another comment, a user said a particular woman had no right to ask that the threads be removed. "If we want to

objectify, criticize and [expletive] on [expletive] like her, we should be able to."

In another posting, a participant rejected the idea that photos be removed on moral grounds: "We're lawyers and lawyers-in-training, dude. Of course we follow the law, not morals."

"I definitely don't agree with a lot of the conduct on the board," Ciolli said in an interview. But, he said, only Cohen, who created the message board, has authority to have the comments removed. Cohen, in a separate interview, said he will not "selectively remove" offensive comments, and that when he has attempted to do so, he was threatened with litigation for "perceived inconsistencies."

Another Yale law student learned a month ago that her photographs were posted in an AutoAdmit chat that included her name and graphic discussion about her breasts. She was also featured in a separate contest site -- with links posted on AutoAdmit chats -- to select the "hottest" female law student at "Top 14" law schools, which nearly crashed because of heavy traffic. Eventually her photos and comments about her and other contestants were posted on more than a dozen chat threads, many of which were accessible through Google searches.

"I felt completely objectified," that woman said. It was, she said, "as if they're stealing part of my character from me." The woman, a Fulbright scholar who graduated summa cum laude, said she now fears going to the gym because people on the site encouraged classmates to take cellphone pictures of her.

Ciolli persuaded the contest site owner to let him shut down the "Top 14" for privacy concerns, Cohen said. "I think we deserve a golden star for what we did," Cohen said.

The two men said that some of the women who complain of being ridiculed on AutoAdmit invite attention by, for example, posting their photographs on other social networking sites, such as Facebook or MySpace.

Cohen said he no longer keeps identifying information on users because he does not want to encourage lawsuits and drive traffic away. Asked why posters could not use their real names, he said, "People would not have as much fun, frankly, if they had to worry about employers pulling up information on them."

One woman e-mailed the University of Pennsylvania Law School associate dean, Gary Clinton, in February to ask for his help in persuading Ciolli remove the offensive threads. Clinton told her that since he became aware of AutoAdmit two years ago, he has had "numerous conversations about it" with Penn officials. "I've learned that there appears to be little legal recourse that we have as an institution," he wrote. He said he has had several conversations with Ciolli and has "pointed out time and again how hurtful these ad hominem attacks can be to individuals, and have asked him to delete threads." The effort, he noted, "has been largely unsuccessful."

In a telephone interview, Clinton said the university's position has not changed. "We believe we don't have grounds under the university's code of conduct to proceed," he said.

Staff researcher Meg Smith contributed to this report.

**LOAD-DATE:** March 7, 2007

6/18/07 NPR All Things Considered (Pg. Unavail. Online)
2007 WLNR 11458639

NPR All Things Considered
Copyright 2007 National Public Radio®. All rights reserved.

**June 18, 2007**

Women File Suit to Defend Online Reputation

ANDREA SEABROOK, host

What would you do if people began trashing your reputation on the Internet? I mean, really trashing it, saying you had herpes, that you slept your way into graduate school. That is what happened to some female students at the nation's top law schools. Now, two Yale students are suing for defamation. They want the comments removed, and they're asking for more than $200,000 in punitive damages.

But as NPR's Frank Langfitt reports, protecting your identity online isn't easy.

FRANK LANGFITT: The Web site is called AutoAdmit. It's a popular law school discussion board anyone can access. But one corner of the site has become a virtual bathroom wall, where people savage female students in anonymous rants. Jill Filipovic is a third year law student at New York University. She's not among those suing, but she's felt the wrath of AutoAdmit.

Ms. JILL FILIPOVIC (Student, New York University): They started linking it to my pictures, posting, you know, my AOL screen name. You know, then that sort of got turned into a conversation about what I look like and whether or not they would have sex with me and, which, you know, then turned into conversations about my politics. And that's when things got, you know, a little bit more, I guess, harassing with their comments about sexually assaulting me.

LANGFITT: The attacks became so harsh, Filipovic says, she started skipping classes.

Ms. FILIPOVIC: You know, if you read something about yourself, about how somebody sat next to you in events and, you know, then there's a whole slew of comments after that, all talking about what you look like and, you know, making really disparaging comments about you and talking about how, you know, they want to do violence to you. I mean, so, you know, it's hard to get up the next morning and go to class and wonder if you're sitting next to that person.

LANGFITT: This month, the two Yale students filed a defamation suit regarding Auto-Admit. The women weren't named in the suit to protect their privacy. And because no one disputes that they were attacked on the Internet, NPR isn't naming them either. Many of the comments about the women are so filthy we can't say them on the air. But here are some of the cleaner ones. One of the plaintiffs is called, quote, "a stupid

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Jew bitch." Another postings says, quote, "I hope she gets raped and dies."

If you search the women's names on Google, things like this come up in the initial results. One plaintiff says the comments cost her a summer job at a law firm. She says she had 16 interviews, four callbacks, but no offers. AutoAdmit could be to blame. But some legal scholars actually doubt it. Eugene Volokh teaches at UCLA Law School.

Mr. EUGENE VOLOKH (Professor, UCLA Law School): Given the amount of time and money that law firms spent wooing top Yale law students, you can't imagine the hiring partners saying, no, I'm just going to ignore this person because some guys online are saying nasty things about her.

LANGFITT: The suit accuses the Web site's former moderator, Anthony Ciolli, of defamation. But under U.S. Internet law, people generally can't be held liable for something someone else writes on their Web site. The people who wrote the anonymous messages might be held liable if anyone can figure out who they are. Brian Leiter teaches law at the University of Texas at Austin. He says the plaintiffs' best bet might be to find out their identities and post their names on the Internet.

Professor BRIAN LEITER (Law, University of Texas): And the marketplace would exact its own penalties on them because, obviously, no respectable legal employer wants to be associated with someone who thinks it's funny to threaten to rape female law students.

LANGFITT: Ciolli, who recently graduated from the University of Pennsylvania Law School, did not respond to request for comment. But Jarret Cohen, the Web site's founder, did. Cohen, who is not named in the suit, says he deplores the attacks on the women. But he insists that deleting offensive posts is a slippery slope that can lead to broader censorship. He also says he doesn't have time to get rid of every nasty message on a constantly changing discussion site with eight million posts.

Mr. JARRET COHEN (Founder, AutoAdmit): I didn't always we see that it would be a productive use of my time to be constantly getting into these endless cycles of trying to remove content.

LANGFITT: Do you think you have any responsibility for what's posted at this site?

Mr. COHEN: I don't know. It's actually a really tough question that I have been spending a lot of time lately thinking about.

LANGFITT: So far, the only career that has clearly suffered from the Web site is that of Anthony Ciolli, the former moderator. When a firm that offered him a job found out about AutoAdmit, it rescinded the offer. Cohen says Ciolli's having a hard time finding other work.

Mr. COHEN: It seems as if his name, right now, is radioactive. And I think the way these big law firms look at it is, why hire somebody who has this baggage?

LANGFITT: And the women who've been targeted on AutoAdmit may see some justice in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that.

Frank Langfitt, NPR News.

SEABROOK: Find tips for protecting your reputation online at npr.org.

---- INDEX REFERENCES ----

COMPANY: NEW YORK UNIVERSITY

NEWS SUBJECT:  (Legal (1LE33); Law Schools (1LA69); Higher Education (1HI55); Tech-
nology Law (1TE30); Online Legal Issues (1ON39); Education (1ED85))

INDUSTRY:  (Online Education (1ON28))

REGION:  (USA (1US73); Americas (1AM92); North America (1NO39); New York (1NE72);
Texas (1TE14))

Language:  EN

OTHER INDEXING:  (INTERNET; JEW; LANGFITT; LAW; MR EUGENE; NEW YORK UNIVERSITY; NPR;
US INTERNET; UCLA LAW SCHOOL; UNIVERSITY OF PENNSYLVANIA LAW SCHOOL; UNIVERSITY OF
TEXAS; VOLOKH; WOMEN FILE SUIT)  (Anthony Ciolli; AutoAdmit; Brian Leiter; Ciolli;
Cohen; Eugene Volokh; Filipovic; Frank Langfitt; Jarret Cohen; Jill Filipovic; Mr.;
Mr. JARRET; Ms.; Ms. JILL; Professor BRIAN)

Word Count: 1042
6/18/07 ATCON (No Page)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit D

\

# AutoAdmit ™

**Desired Login Name:**

**Confirm Login Name:**

**Your Password:**

**Confirm Your Password:**

**Your Email:**

**Confirm Your Email:**

Your E-mail address will be verified through
confirmation letter before you may post.
**Make sure this is a valid e-mail.**

**City:**

**State/Province (US/CAN):** Please Select One

**Country:** Please Select One

**Zip:**

**What Brought You Here?:**

**Best Describes Me:** Select

**The wretchedly pitiful American Oxford hopeful of
this board seeks your prayers for a successful
second attempt at admissions. Will you grant him a
prayer?:**
Select

Dominus illuminatio mea

# Exhibit E

**Web**   Images   Video   News   Maps   Gmail   more ▾                      Sign in

Google
                        [DOE II]                    | Search |   Advanced Search
                                                                  Preferences

---

**Web**                                    Results **1 - 10** of about 691 for  [DOE II]   . (0.09 seconds)

### The Xoxo Reader: REPUTATIONDEFENDER,    [DOE II]    wants her money ...
Way to fuck up big-titted YLS student   [DOE II] 's reputation by referring her to ABC
News in your quest to get some free publicity. ...
xoxoreader.blogspot.com/2007/03/reputationdefender- [DOE II]  -wants.html - 74k -
Cached - Similar pages

### The Xoxo Reader: PaulieWalnut's Letter to    [DOE II]
PaulieWalnut's Letter to    [DOE II]    . Date: March 7th, 2007 4:30 PM Author: Prof. Brian
Leiter VIA EMAIL [DOE II] , I can't believe the people at Reputation ...
xoxoreader.blogspot.com/2007/03/pauliewalnuts-letter-to- [DOE II] .html - 73k -
Cached - Similar pages

### AutoAdmit.com -   [DOE II]   of YLS has huge fake titties
[DOE II] must really be thankful to reputation defender. .... more info about
[DOE II]  and google searches. Good work Reputation Defender! ...
www.autoadmit.com/thread.php?thread_id=591371&mc=14&forum_id=2 - 35k -
Cached - Similar pages

### AutoAdmit.com - Notice to YLS faculty concerning   [DOE II]
[DOE II]  , a student in your 09 class, has a felon as a father who stole money from the
World Bank to buy her horses. I kid you not, she asked her ...
www.autoadmit.com/thread.php?thread_id=592608&mc=72&forum_id=2 - 152k -
Cached - Similar pages

### onlinereputation - Case Study Three:   [DOE II]   of Yale Law School
In this case study we will analyze the case of    [DOE II]  , who became a public figure by
virtue of a few major media articles by publications such as the ...
onlinereputation.googlepages.com/casestudy3 - 15k - Cached - Similar pages

### AutoAdmit.com - YLS 1L CGWBT    [DOE II]   HAS A FELON FOR A ...
This is off-the-curve cruelty, however, and nobody can REALLY make a plausible argument
that   [DOE II]   brought this on herself. ...
www.xoxohth.com/thread.php?thread_id=591653&
forum_id=2&PHPSESSID=19536a79194c9a52118f6c34047b03d0 - 210k -
Cached - Similar pages

### AutoAdmit.com - YLS 1L   [DOE II]   HAS HUGE FAKE TITS AND IS ...
you're clueless and inept. you waste time trolling GTO, who could care less. and you ensure
collateral damage for   [DOE II]   and [DOE I]   . ...
www.xoxohth.com/thread.php?thread_id=590907&mc=25&forum_id=2 - 43k -
Cached - Similar pages

### [DOE II]  | Free the Planet | Environment | Activist | Teen ...
This teen isn't picking up garbage, but she's still making our planet cleaner. And you don't
wanna mess with this chick. Having a knife waved in her face ...
www.kidzworld.com/article/4207-volunteer-fearless-eco-leader - 23k -
Cached - Similar pages

### Chancellor's Awards Recipients
[DOE II]  2005. Sendra Yang, 2004. Britt Ashley Lake, 2003. Sonia Mondor ....
Abell, 2004. Terri Sue Giles, 2003. Kit Hanks Stewart ...
chancellorsawards.unc.edu/recip.html - 171k - Cached - Similar pages

### New Leaders Initiative : Winner
[DOE II] . Hometown Charlotte, NC. Website. Biography  [DOE II] founded and led a

---

school-based chapter of the environmental group Free the Planet!, ...
broweryouthawards.org/userdata_display.php?modin=50&uid=116 - 16k -
Cached - Similar pages

1 2 3 4 5 6 7 8 9 10    **Next**

[DOE II]          Search

Search within results | Language Tools | Search Tips | Dissatisfied? Help us improve

©2007 Google - Google Home - Advertising Programs - Business Solutions - About Google

# Exhibit F

**From:** Andrew Shen
**Sent:** Thursday, March 15, 2007 10:03 AM
**To:** 'aciolli@law.upenn.edu'; 'jcohen@autoadmit.com'
**Subject:** Re · [DOE I]    and    [DOE II]

Dear Anthony Ciolli and Jarret Cohen,

I am writing on behalf of my clients, [DOE I]    and    [DOE II]    , to request that you immediately remove all comments regarding either · [DOE I]    ·or    [DOE II]    from any websites under your control, remove all photographs of my clients from any of your websites, preserve any logs or records of Internet protocol ("IP") addresses (or any other . potentially identifying information) for individuals posting any content relating to [DOE I]    or    [DOE II]    . monitor your websites to prevent any further posts regarding my clients, and cooperate with Google to delete any posts or photographs relating to my clients that it may have cached from these sites.

You admitted in an article that appeared in the Washington Post on March 7, 2007, that you jointly manage and own two websites — AutoAdmit.com and xoxohth.com — on which offensive comments have been made about [DOE I]    and    [DOE II]    . In that article, you acknowledged that you were aware of the demeaning comments found on your websites and admitted that·Mr. Cohen has the ability to remove offensive messages and posts.

As you well know, my clients have not sought to participate in the discussion threads found on your websites and object to the abusive and crude remarks made about them. The individuals posting this content may be liable under several legal theories, including but not limited to, defamation, invasion of privacy, intentional infliction of emotional distress, violation of the right of publicity, and copyright infringement. Unless the existing posts about my clients are deleted and future posts removed expeditiously, we intend to pursue all available legal avenues to prevent the ongoing and future harassment of my client. Your immediate agreement to undertake the steps requested in this message may forestall the need to proceed with litigation against these individuals and avoid your becoming entangled in any such litigation.

Please respond to this message, letting me know as soon as possible whether you will agree to immediately (1) remove all comments regarding my clients, (2) remove all photographs of my clients, (3) preserve IP addresses and any other potentially identifying information relating to the individuals posting these comments and photographs, (4) monitor your websites to remove future posts, and (5) cooperate with Google to delete any posts or photographs relating to my clients that it may have cached from these sites.

Sincerely,

Andrew Shen
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400

This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by replying to the message. When complete, please delete the original message. Thank you.

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

STEVE MITRA
SMITRA@KVN.COM

November 21, 2007

**VIA FEDERAL EXPRESS**

Leighton Cohen, Esq.
465 West Linden Street
Allentown, PA 18102

Re:  *Doe I and Doe II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47*

Case No. 3:07CV00909(CFD)

Dear Leighton:

I write to request that AutoAdmit and Jarret Cohen disclose all records of Internet Protocol ("IP") addresses (or any other potentially identifying information) for individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

406807.01

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

Brittan Heller got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

If either Auto Admit or Jarret Cohen require a subpoena for the records or for providing other information, please let us know immediately. If we do not hear from you in 10 calendar days, we intend to seek a subpoena. **Please consider this letter a second notice that Jarret Cohen and Auto Admit should preserve all materials related to defendants who have used user names listed above (and their predecessor and successor pseudonyms) pending receipt of a subpoena, in keeping with our earlier preservation request of March 15, 2007.**

Feel free to call me with any questions at 415 391 5400.

Sincerely,

Steve Mitra

Steve Mitra

SM:js

406807.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

November 21, 2007

**VIA FEDERAL EXPRESS**

Compliance Department
Domains By Proxy, Inc.
14455 North Hayden Road #219
Scottsdale, Arizona 85260

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients. We have reason to believe that AutoAdmit.com uses your service to operate its site.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. While we are aware that Domains By Proxy's Privacy Policy prohibits the release of customer or account information without express permission from the customer or the service of a subpoena, we hope that, given the egregious conduct that is alleged in this case, Domains By Proxy will disclose certain information regarding AutoAdmit that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that Domains by Proxy identify each and every person who has registered the following domain names: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

If Domains By Proxy will require a subpoena, please let us know. If we do not hear from you in 10 calendar days, we will seek a subpoena. **Please consider this letter notice that Domains By Proxy should preserve all materials related to the information described above pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

*Rose Darling*

Rose Darling

RD:js
enclosure

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

November 21, 2007

## VIA FEDERAL EXPRESS

Compliance Department
GoDaddy.com, Inc.
14455 North Hayden Rd., Suite 219
Scottsdale, AZ 85260

**REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE**

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients. We have reason to believe that AutoAdmit.com uses your service to operate its site.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. We thus know only the Defendants' Auto Admit.com user names, and not their actual identities. While we are aware that Go Daddy's Privacy Policy prohibits the release of customer or account information without express permission from the customer or the service of a subpoena, we hope that, given the egregious conduct that is alleged in this case, Go Daddy will disclose certain information regarding AutoAdmit that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that Go Daddy provide us with the following information:

1. All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by Go Daddy: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

2. All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by Go Daddy: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

3.      Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by Go Daddy: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

4.      File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by Go Daddy: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

If Go Daddy will require a subpoena, please let us know. If we do not hear from you in 10 calendar days, we will seek a subpoena. **Please consider this letter notice that Go Daddy should preserve all materials related to the above four document categories pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

Rose Darling

RD:js

Enclosure

406795.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

November 21, 2007

Compliance Department
David Masenheimer, Esq.
PenTeleData, Inc.
PO Box 197
Palmerton, PA 18071

**VIA EXPRESS MAIL**

Dear Mr. Masenheimer:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other allegations suffered by our clients.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. We thus know only the Defendants' Auto Admit.com user names, and not their actual identities.

We have reason to believe that at least one defendant may have used your service to post defamatory content regarding our clients on AutoAdmit.com. That defendant may have posted or sent defamatory content using the following Internet Protocol ("IP") address: 24.115.86.20 at 3:23 a.m. While we are aware that PenTeleData ordinarily does not disclose customer or account information unless required by law, we hope that, given the egregious conduct that is alleged this case, PenTeleData will disclose certain information regarding AutoAdmit that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that PenTeleData provide us with information that identifies the person(s) using the IP address 24.115.86.20 at 3:23 a.m., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, alternative e-mail addresses, excluding the contents of any communications stored, carried, or maintained by PenTeleData.

If PenTeleData requires a subpoena, please let us know. If we do not hear from you in 10 calendar days, we will seek a subpoena. **Please consider this letter notice that PenTeleData should preserve all materials related to the information described above pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

RD/js
enclosure

406806.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

November 27, 2007

Compliance Department                                    **VIA FEDERAL EXPRESS**
MSN Hotmail
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

## REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. We thus know only the Defendants' Auto Admit.com user names, and not their actual identities. We have reason to believe that at least two defendants used your service to post allegedly defamatory or otherwise tortious content regarding our clients on AutoAdmit.com and/or to email allegedly defamatory or otherwise tortious content to third parties. Those defendants posted or sent defamatory content using the following two MSN Hotmail accounts:

patrick8765@hotmail.com          batemanhls@hotmail.com

While we are aware that MSN Hotmail ordinarily does not disclose customer or account information unless required by law, we hope that, given the egregious conduct that is alleged in this case, MSN Hotmail will provide us with information that identifies the person(s) associated with the patrick8765@hotmail.com and batemanhls@hotmail.com e-mail accounts, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of the person(s)'s use of MSN Hotmail, excluding the contents of any communications stored, carried, or maintained by Hotmail.

If MSN Hotmail requires a subpoena, please let us know. If we do not hear from you in 10 days, we will seek a subpoena. **Please consider this letter notice that MSN Hotmail should preserve all materials related to the above categories of information pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

enclosure
406798.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

December 6, 2007

**VIA FACSIMILE AND U.S. MAIL**

MNS Custodian of Records
Global Criminal Compliance Response Team
MSN Security Operations
MSN Hotmail
1065 La Avenida, Building #4
Mountain View, CA  94043

## REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE

Dear Custodian of Records:

I write in response to your December 5, 2007 letter, and in follow up to my November 27, 2007 letter. We have reason to believe that a defendant posted or sent defamatory content using the MSN Hotmail address:  batemanhls08@hotmail.com.

**Please consider this letter notice that MSN Hotmail should preserve** information that identifies the person(s) associated with the batemanhls08@hotmail.com e-mail account, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of the person(s)'s use of MSN Hotmail, excluding the contents of any communications stored, carried, or maintained by Hotmail.

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

407613.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

December 4, 2007

General Counsel                                        **VIA FEDERAL EXPRESS**
HighBeam Research, Inc.
65 East Wacker Place, Suite 400
Chicago, Illinois 60601

## REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE

Dear General Counsel:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. We thus know only the Defendants' Auto Admit.com user names, and not their actual identities. We have reason to believe that at least one defendant used your service to post allegedly tortious content regarding our clients on AutoAdmit.com and/or to email that content to third parties. That defendant posted or sent that information on March 7, 2007 at 5:23 p.m. EST after using your service to access an article titled **"Ex-World Bank Official Disappears From Trial,"** which is found at http://www.highbeam.com/doc/1P2-915261.html.

We hope that, given the egregious conduct that is alleged in this case, HighBeam will disclose certain information that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that HighBeam provide us with information that identifies the person(s) using your service to locate the above-identified article, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source **Internet Protocol ("IP") addresses** of all access to the location or file "**1P2-915261.html**", "**915261**" or other variants thereof **between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.**

If HighBeam requires a subpoena, please let us know. If we do not hear from you in 10 days, we will seek a subpoena. **Please consider this letter notice that HighBeam should preserve all materials related to the information described above pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

enclosure

407298.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

December 4, 2007

**VIA FACSIMILE**

Office of University Counsel
UNIVERSITY OF NORTH CAROLINA
137 East Franklin Street
Suite 300B CB#9105
Chapel Hill, NC  27514

## REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com.  As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously.  We thus know only the Defendants' Auto Admit.com user names, and not their actual identities.  We have reason to believe that at least one defendant used your university web site to post allegedly tortious content regarding our clients on AutoAdmit.com and/or to email that content to third parties.  That defendant posted or sent that information on March 7, 2007 at 5:23 p.m. EST after using your web site to access an article titled **"UNC's Iravani awarded Morris Udall Scholarship,"** which is found at http://www.unc.edu/news/archives/apr04/udall042604.html.

We hope that, given the egregious conduct that is alleged in this case, the University of North Carolina ("UNC") will disclose certain information that may allow us to determine the identities of the named defendants in this lawsuit.  To that end, we request that UNC provide us information that identifies the person(s) using its website to locate the above-identified article, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source **Internet Protocol ("IP") addresses** of all access to the location or file **"udall042604.html"**, **"042604"** or other variants thereof **between 12:00 a.m. EST on March 1, 2007 and  5:23 p.m. on March 7, 2007.**

407297.01

If UNC requires a subpoena, please let us know.  If we do not hear from you in 10 days, we will seek a subpoena.  **Please consider this letter notice that UNC should preserve all materials related to the information described above pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

enclosure

407297.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

December 4, 2007

**VIA FEDERAL EXPRESS**

Custodian of Records
VLEX LLC
1840 Gateway Drive, Suite 200
San Mateo, California 94404

## REQUEST FOR PRESERVATION OF MATERIAL EVIDENCE

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. We thus know only the Defendants' Auto Admit.com user names, and not their actual identities. We have reason to believe that at least one defendant used your service to post allegedly tortious content regarding our clients on AutoAdmit.com and/or to email that content to third parties. That defendant posted or sent that information on March 7, 2007 at 5:23 p.m. EST after using your service to access the following information:

US v. [DOE II's father]
Docket num. 97-5026, November 1998
Id. vLex: VLEX-TBVO054

This information is found at http://www.vlex.us/caselaw/U-S-Court-Of-Appeals-Fourth-Circuit/US-v-___ 2100-18179654,01.html.

We hope that, given the egregious conduct that is alleged in this case, VLEX will disclose certain information that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that VLEX provide us information that identifies the person(s) using your service to locate the above-described information, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source **Internet Protocol ("IP") addresses** of all access to the location or file **"2100-18179654,01.html"**, **"18179654"** or other variants thereof **between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.**

407293.01

If VLEX requires a subpoena, please let us know. If we do not hear from you in 10 days, we will seek a subpoena. **Please consider this letter notice that VLEX should preserve all materials related to the information described above pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

enclosure

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ROSE DARLING
RDARLING@KVN.COM

January 17, 2008

**VIA FEDERAL EXPRESS**

ServInt Internet Services
6861 Elm St., Suite 4B
McLean, VA 22101
Fax: (703) 847-1383

Dear Custodian of Records:

We represent two individuals who we allege have been the subject of defamation, harassment and threats on an Internet bulletin board called AutoAdmit.com, which can be found at http://www.autoadmit.com. As background, enclosed please find a copy of the operative complaint that spells out some of the defamation, harassment, and other injuries suffered by our clients. We have reason to believe that AutoAdmit.com uses your service to operate its site.

It is our understanding that the vast majority of the individuals who post messages on AutoAdmit.com, including those targeting our clients, do so pseudonymously. While we are aware that ServInt's Privacy Policy prohibits the release of customer or account information without express permission from the customer or the service of a subpoena, we hope that, given the egregious conduct that is alleged in this case, ServInt will disclose certain information regarding AutoAdmit that may allow us to determine the identities of the named defendants in this lawsuit. To that end, we request that ServInt provide us with the following information:

1.    All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by ServInt: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

2.    All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by ServInt: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

3.    Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by ServInt: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

4.      File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by ServInt: Autoadmit.com, Xoxohth.com, Cohenrisk.com, and c16.statcounter.com.

If ServInt will require a subpoena, please let us know. If we do not hear from you in 10 calendar days, we will seek a subpoena. **Please consider this letter notice that ServInt should preserve all materials related to the above four document categories pending receipt of a subpoena.**

If you would like to discuss this matter with me further, I can be reached at (415) 391-5400.

Sincerely,

Rose Darling

RD:js

enclosure

# Exhibit G

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

STEVE MITRA
SMITRA@KVN.COM

November 21, 2007

**VIA FEDERAL EXPRESS**

Leighton Cohen, Esq.
465 West Linden Street
Allentown, PA 18102

> *Re:*    *Doe I and Doe II v. Individuals, whose true names are unknown, using the*
> *following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf;*
> *yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating*
> *Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah;*
> *DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll;*
> *Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel*
> *Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke*
> *<patrick8765@hotmail.com>; Patrick Bateman*
> *<batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty*
> *Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47*

**Case No. 3:07CV00909(CFD)**

Dear Leighton:

      I write to request that AutoAdmit and Jarret Cohen disclose all records of Internet Protocol ("IP") addresses (or any other potentially identifying information) for individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

406807.01

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

Brittan Heller got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

If either Auto Admit or Jarret Cohen require a subpoena for the records or for providing other information, please let us know immediately. If we do not hear from you in 10 calendar days, we intend to seek a subpoena. **Please consider this letter a second notice that Jarret Cohen and Auto Admit should preserve all materials related to defendants who have used user names listed above (and their predecessor and successor pseudonyms) pending receipt of a subpoena, in keeping with our earlier preservation request of March 15, 2007.**

Feel free to call me with any questions at 415 391 5400.

Sincerely,

Steve Mitra

SM:js

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

STEVE MITRA
SMITRA@KVN.COM

November 21, 2007

**VIA FEDERAL EXPRESS**

Marc J. Randazza, Esq.
Weston, Garrou, DeWitt & Walters
781 Douglas Avenue
Altamonte Springs, FL 32714

> *Re:* *Doe I and Doe II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47*

**Case No. 3:07CV00909(CFD)**

Dear Marc:

I write to request that Anthony Ciolli disclose all documents and information relating to the identification of individuals[1] who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

---

[1] Such information would include, but is not limited to, their IP addresses, email accounts, locations, real names, etc.

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

Brittan Heller got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

If Mr. Ciolli requires a subpoena in order to provide any documents or information, please let us know immediately. If we do not hear from you in 10 calendar days, we intend to seek a subpoena. **Please consider this letter a second notice that Anthony Ciolli should preserve all materials related to defendants who have used user names listed above pending receipt of a subpoena, in keeping with our earlier preservation request of March 15, 2007.**

Feel free to call me with any questions at 415 391-5400.

Sincerely,

Steve Mitra

SM:js

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

STEVE MITRA
SMITRA@KVN.COM

December 7, 2007

**VIA FEDERAL EXPRESS**

Leighton Cohen, Esq.
465 West Linden Street
Allentown, PA 18102

> **Re:**   ***Doe I and Doe II v. Individuals, whose true names are unknown, et al.***
> Case No. 3:07CV00909(CFD)

Dear Leighton:

On November 23, 2007, Jarret Cohen contacted David Rosen with an offer to remove threads on autoadmit.com and xoxohth.com upon request by our clients. Mr. Rosen pointed out in an email response that he was ethically bound to communicate with you, Jarret's attorney, in the absence of explicit written permission authorizing communication directly with him. I called you earlier this week to follow-up on Jarret's offer. Not having heard from you since, I am now writing regarding the following issues, including those raised by Jarret's communication:

1) In response to Jarret's offer, we have compiled an initial list of threads that our clients want removed. As you may know, my clients were the subject of several hundred libelous and unlawful posts; while we have compiled some threads, we will forward additional threads next week. I can send the threads we have identified already by email (which, I suspect, will be most convenient for your client since there are "live" hyperlinks pointing to specific threads), or in hardcopy. Our clients would like these threads removed immediately from Autoadmit and all mirror sites, so please let me know by Tuesday how you want these sent to you.

2) Please note that your client has an ongoing obligation to preserve any and all information relating to the identities of the defendants in the above-referenced lawsuit, including all materials related to defendants who have used user names listed in the complaint in this action (and their predecessor and successor pseudonyms). This obligation applies not only to past posts, but includes a current obligation to collect and preserve IP logs or other identifying information on posters on Autoadmit.com or xoxohth.com relating to this action. We have reiterated these obligations on at least March 15, 2007, November 21, 2007 and December 5, 2007. Deleting certain threads does not relieve that obligation, and we have never suggested (and do not suggest now) otherwise. If your client has any questions regarding this issue, please contact me immediately.

407704.02

3)  We appreciate Mr. Cohen's offer in his email to David Rosen to remove <u>future</u> threads on an ongoing basis.  We will monitor the Autoadmit site and send you additional threads as appropriate.

As before, please feel free to call me with any questions at 415 391 5400.

Sincerely,

Steve Mitra

cc:     David Rosen


SM:js


407704.02

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

STEVE MITRA
SMITRA@KVN.COM

December 7, 2007

**VIA FEDERAL EXPRESS AND EMAIL**

Marc J. Randazza, Esq.
Weston, Garrou, DeWitt & Walters
781 Douglas Avenue
Altamonte Springs, FL 32714

*Re:*   *Doe I and Doe II v. Individuals, whose true names are unknown, using the following pseudonyms:  pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47*

**Case No. 3:07CV00909(CFD)**

Dear Marc:

I write to confirm our conversation and email exchanges of this week.

In a letter dated November 21, 2007, I requested that your client, Anthony Ciolli, provide identities of defendants, or information related to the identities of the defendants, in Case No. 3:07CV00909(CFD).  In a conversation with you on December 5, 2007, I reiterated my request for this information from Mr. Ciolli without his requiring a subpoena for a deposition or a document request response.  At the end of our conversation, you stated that your client would not reveal such information in the absence of a subpoena.  You however agreed that your client would collect and preserve all such information and documents pending a subpoena, that you would not contest the subpoena, and that you would waive any privileges that may be applicable.

In a follow-up email to me the same day, you stated that you would ask your client whether he had "any proposals for provision of any information without a subpoena."  You suggested that there may be a "creative solution" to this problem.  I thanked you for your efforts in a responsive email.

On December 6, 2007, you sent me an email stating that your client would prefer to receive a subpoena to provide the information requested.

Please contact me immediately if you disagree with any of the above.

Sincerely,

Steve Mitra

SM:dc

# Exhibit H



**EMBARQ**™
Mailstop: KSOPKJ0402
5454 W. 110th Street
Overland Park, KS 66211
Office: 877-451-1980
Fax: 913-254-5800

May 21, 2007

Dorothy McLaughlin
Keker & Van Nest
710 Sansome Street
San Francisco, CA  4111

**Embarq Case Number:  2007-00003813**

Dear Dorothy McLaughlin,

This letter is to acknowledge receipt of the above-referenced request.  Please be advised, we are not able to comply with this request as it is not a legal demand.  We must have a subpoena or other legal demand in order to release any information.  **Please reference the above Embarq Case Number in your return fax.** Thank you for your understanding in this matter.

For further questions or inquiries, contact Embarq Subpoena Compliance at 877-451-1980.

Sincerely,

Hillary Rapson
Subpoena Compliance
Embarq Corporate Security

-----Original Message-----
From: Beth C. Hodsdon [mailto:bch8s@virginia.edu]
Sent: Friday, May 25, 2007 1:32 PM
To: Andrew Shen
Subject: RE: Information Request

       Andrew,
                I'm told that we are retaining all information that we were able to
associate with the IP address and data and time stamp that you provided.
       Beth


At 12:50 PM 5/25/2007, you wrote:

>Beth,
>
>Can your technical staff confirm whether this information is still in
>the University's possession? It would be helpful to know what data is
>available at the current time.
>.
>Thank you for your assistance,
>
>Andrew.
>
>-----Original Message-----
>From: Beth C. Hodsdon [mailto:bch8s@virginia.edu]
>Sent: Friday, May 25, 2007 7:09 AM
>To: Andrew Shen
>Subject: RE: Information Request
>
>         Thanks for this information--I have conveyed it to our
>technical people and they tell me they have used it to preserve the
>information that is available.
>
>At 04:08 PM 5/21/2007, you wrote:
>
> >Dear Ms. Hodsdon,
> >
> >I have reviewed the policy outlined on the webpage cited by you below.
> >
> >We intend to subpoena the relevant IP log in the near future but, as
> >a first step, I request that the University preserve the following log:
> >
> >The University's IP connection log for 128.143.65.74 between 1:00 PM
> >EST and 6:00 PM EST on March 7, 2007, and any records of any
> >identifying information (such as name, account information, physical
> >address, or telephone number) associated with the person(s) using
> >that IP address during this timeframe.
> >
> >Thank you for your cooperation. Please let me know if the
> >preservation of this log will present any problems or whether you
> >need further details as to what information we seek to preserve.
> >
> >Best,

1

> >
> >Andrew Shen
> >Keker & Van Nest LLP
> >710 Sansome Street
> >San Francisco, CA  94111
> >(415) 391-5400
> >
> >This message is intended only for the use of the individual or entity
> >to whom it is addressed.  The message is confidential and may contain
> >attorney-client information, attorney work product or other
> >privileged information.  If you are not the intended recipient, you
> >are hereby notified that any use or dissemination of this message is
> >strictly prohibited.  If you received this message in error, please
> >notify the sender by replying to the message.  When complete, please
> >delete the original message.  Thank you.
> >
> >-----Original Message-----
> >From: Beth C. Hodsdon [mailto:bch8s@virginia.edu]
> >Sent: Friday, May 18, 2007 10:34 AM
> >To: Andrew Shen
> >Subject: Information Request
> >
> >           Mr. Shen,
> >
> >               Paul Forch has asked me to respond to your request
> > to
>
> >him dated May 9, 2007, for information systems logs in connection
> >with your response to what you describe as harrassing and theatening
> >comments about a client on AutoAdmit.com.
> >
> >          The University's general policy on providing computer
> >usage information can be found at
>http://www.virginia.edu/abuse/info.html#Law.
> >It requires a legal order, such as a subpoena that is enforceable in
> >Virginia, for release of this information.
> >
> >          You also requested that we preserve log records until you
> > are
>
> >able to satisfy the University's requirements for obtaining these
> >records.  As indicated at
> ><http://www.virginia.edu/abuse/info.html#Law>, when requested, the
> >University does normally attempt to preserve information where
> >possible
>
> >so that it may be available for release once release has been approved.
> >The policy also explains how to make the request as narrow as
> >possible to increase case relevance and reduce the work involved.
> >Since we currently have insufficient information to preserve any
> >specific logs, you would need to provide additional information as
> >described in the policy, by sending it to
> ><mailto:abuse@Virginia.edu>abuse@Virginia.edu
> >with a notice of your intent to request information.
> >
> >          Please let me know if you have any questions.
> >                                      Beth Hodsdon
> >
> >Beth C. Hodsdon
> >Associate General Counsel
> >University of Virginia
> >Madison Hall
> >PO Box 400225
> >Charlottesville, VA 22904-4225
> >(434) 924-3586
> >FAX - (434) 982-3070
> >e-mail - bch8s@virginia.edu

**From:** domaindisputes@godaddy.com [mailto:domaindisputes@godaddy.com]
**Sent:** Thursday, November 29, 2007 8:11 AM
**To:** Rose Darling
**Subject:** AUTOADMIT.COM

Dear Rose Darling,
Although the domain name AUTOADMIT.COM is registered through GoDaddy.com, Inc., the website itself is hosted elsewhere. Any issues regarding the content of the website will need to be addressed either to the owner of the site directly, or to the hosting provider.

For your convenience, we have provided the DNS information appearing on the Whois database below:

Domain servers in listed order:
NS.SERVINT.COM
NS2.SERVINT.COM
Per http://domainwhitepages.com, the Hosting provider for this DNS is:

OrgName:    ServInt Internet Services
OrgID:      SIS-31
Address:    6861 Elm St.
City:       McLean
StateProv:  VA
PostalCode: 22101
Country:    US

Please note, the domain name has been subscribed to a privacy service called Domains By Proxy. Information emailed or post mailed to the addresses provided will be forwarded to the appropriate parties. If you have a legal matter to take up with the registrant of the domain, please follow the guidelines provided at the following link:

http://domainsbyproxy.com/LegalAgreement.aspx?prog_id=
Thank you,

Domain Services
GoDaddy.com, Inc.

1/15/2008



November 30, 2007

Rose Darling
Keker & VanNest LLP
710 Sansome St
San Francisco CA 94111-1704

Dear Ms. Darling:

RE: Letter of 11/28/07 – Case # 307CV00909 CFD

Thank you for contacting PenTeleData. Upon a review of our records, I regret to inform you that we do not have the information in question available for preservation.

This IP address in question does belong to PTD, but it is an IP address used for cable modem service. We only hold IP logs for cable service for about 60 days. We do not have information from January 2007 available.

If you have any questions, please feel free to contact me.

Sincerely,

Michele Fredericks
Customer Service Manager
610-826-9351
email: michelef@corp.ptd.net

CC: Legal

*540 Delaware Avenue
PO Box 197
Palmerton, PA 18071*

*1.800.281.3564
www.penteledata.net
www.ptd.net*

# *Microsoft*®

## Your potential. Our passion.™

**To: Keker & Van Nest LLP - SF, CA**

**Attention: Rose Darling**
**Fax number: 415.397.7188**
**Phone number: 415.391.5400**

**Date:** 12/5/2007

**msn**™ Hotmail

MSN Custodian Of Records
Global Criminal Compliance
Response Team
MSN Security Operations
Phone: 425-722-1299
Fax: 650-693-7061

**MSN Hotmail**
1065 La Avenida, Building #4
Mountain View, CA 94043

**Number of Pages** (Including Cover Sheet):  2

## Comments:

NOTE: We require a subpoena or court order in order to release any account information.

MSN Hotmail, a division of Microsoft, received your preservation request(s) on the following account(s): patrick8765@hotmail.com. MSN Hotmail preserved the data on 12/5/2007. The information will be preserved for 90 days from that date.

If we do not receive another preservation request 90 days from the date of the preservation, the preserved data will be destroyed. Also, please be aware that preservations are merely one time snapshots of the account on the date the information is preserved. Preservations are not snapshots made each day during the 90 day preservation timeframe.

If you send an extension to your preservation request, please indicate that your request is an extension so we may quickly identify the account you are preserving and to insure your initial preservation is maintained.

Finally, when you submit your request for us to produce the preserved data, please indicate that you previously preserved the data and on which dates so that MSN Hotmail may retrieve all relevant stored data.

### MSN Hotmail
### The World's First Free Web-Based E-mail Service
### 120+ Million Users Strong

IMPORTANT NOTICE: Documents accompanying this telecopy transmission contain information from MSN Hotmail and are for the sole use of the above individual or entity and may be privileged, confidential and exempt from disclosure under law. Any other dissemination, distribution or copying of this communication is strictly prohibited. Please notify us immediately by telephone if you are not the intended recipient and return the original message to us at the above address. We will reimburse you reasonable phone and postage expenses for doing so.

**From:** Marc J. Randazza [mailto:mrandazza@firstamendment.com]
**Sent:** Thursday, December 06, 2007 1:13 PM
**To:** Steve Mitra
**Subject:** Doe v. Paulie Walnuts et. al.

Dear Steve,

I have spoken to my client about our recent phone conversation and your letter of Nov. 21. My client has reiterated that while he is not unwilling to provide the information you requested, he would prefer to receive a subpoena for formality's sake, and so that he does not wind up in any kind of an adverse legal position with respect to those who will be affected by disclosure of the information you requested.

Please have a subpoena forwarded to my office. Fax or scanned email is fine.

**Marc John Randazza**

Attorney at Law
Weston, Garrou, DeWitt & Walters
781 Douglas Avenue
Altamonte Springs, Florida 32714

Tel: (407) 975-9150
Fax: (407) 774-6151
Mobile: (407) 739-7887
E-mail: mrandazza@firstamendment.com

**FIRSTAMENDMENT**
.com

*Dedicated to the Defense of Freedom*
*And the Protection of Creative Expression*

IMPORTANT NOTICE: Privileged and/or confidential information, including attorney-client communication and/or attorney work product may be contained in this message. This message is intended only for the individual or individuals to whom it is directed. If you are not an intended recipient of this message (or responsible for delivery of this message to such person), any dissemination, distribution or copying of this communication is strictly prohibited and may be a crime. No confidentiality or privilege is waived or lost by any misdirection of this message. If you received this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender by return e-mail.

**From:** Patrick J. Spain [mailto:pjspain@highbeam.com]
**Sent:** Monday, January 07, 2008 3:34 PM
**To:** Rose Darling
**Subject:** your letter of December 4, 2007

Ms. Darling,

I am in a receipt of a letter dated December 4, 2007 addressed to General Counsel.  We don't have one, so I will attempt to respond.

We spent a fair bit of time determining whether it was technically possible to comply with your request.  We have determined that our system simply does not allow us to obtain the information you are seeking about the identity of a person accessing a particular story at a certain time.

I cannot begin to explain to you the complex technical reasons for this.  However, if you have a technology consultant working with you, I will be happy to put that person in touch with our CTO for a complete explanation.

Patrick Spain
Chairman & CEO
HighBeam Research, Inc.
65 E. Wacker Place, Suite 400
Chicago, IL 60601
312-416-3864 (direct)
pjspain@highbeam.com

-----Original Message-----
From: ServInt Admin [mailto:admin@servint.com]
Sent: Monday, January 21, 2008 10:36 AM
To: Rose Darling
Subject: Response to your letter dated January 17, 2008

Ms. Darling, Esq.,

We have received your letter dated January 17, 2008.

We will indeed require a subpoena in order to turn over any documentation regarding our clients. When applying for this subpoena, please note the following:

1) This is a leased service, and we are not aware of, nor responsible for any contents that exist or do not exist on the server. Because of this fact, we can think of no appropriate action in response to your letter of preservation. We have no direct control, nor management of our customer's data, and so have no power to preserve it without directly contacting our client and arranging to do so.

2) Customer receives no ServInt-managed backup for their service, meaning that we maintain no backups of this server.

3) We are not digital forensics experts, and are unable to extract specific data belonging to a customer from a leased server.

Therefore, we can provide no specific logs, nor let you know whether such logs exist. I can tell you based on experience that the chances of any customer logs existing that are over two years old, in an era when logs are generally held for less than two weeks, are extremely unlikely.

With a subpoena that details the proper scope, ServInt can either provide you with our customer's direct content information so that you can work directly with them to extract the data you require, or we can provide you with a complete copy of their Hard Drive, should a judge be willing to widen a subpoena's scope that far. Do be forewarned that should you subpoena the entire drive you would be subpoenaing multiple websites that fall outside the scope of your case. We have seen examples of lawyers making this mistake and finding all of their subpoenaed data inadmissible in court as a result.

Alternately, you may be able to get a judge to allow you to hire an independent third-party digital forensics expert, who could be given limited authority to extract specifically subpoenaed data, should it still exist, and provide it to you. This is the most costly option you have, but certainly the one that opens your case up to the least risk.

Let us know, as we are always happy to comply with any judge's order, as long as it is within our power to do so. Your four-point request is not something that is within our power to comply with. Assisting a third-party digital forensics team in the extraction of specific data elements, should they exist, is something that we could assist you with as long as we receive a subpoena that outlines such a request.

```
--
-- Network Abuse
-- ServInt Internet Services
```

# Exhibit I

\

# AutoAdmit ™

*The most prestigious law school admissions discussion board in the world.*

🌐 Back  ▶Refresh ▶Options

**Doe Action, Case No. 3:07-cv-00909-CFD**

| | | |
|---|---|---|
| 📄 Civil Action No. 3:07-cv-00909-CFD | doelawsuit | 11/09/07 |
| ┗📄 yeah, good luck with that | King Shit of Fuck Mountain | 11/09/07 |
| ┗📄 No one ever got sued in the old days. | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 lol | Decided Schematic Advantage | 11/09/07 |
| ┗📄 titcr, but then pauliewalnuts and his ilk went WAY too far, ... | outofurleague | 11/09/07 |
| ┗📄 sigh. Fine. Call me at 212.254.2246 WGWAG forever my b... | Decided Schematic Advantage | 11/09/07 |
| ┗📄 If I call that number, will a Pizza Hut employee answer? | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 No, you will talk to me. | Decided Schematic Advantage | 11/09/07 |
| ┗📄 you make a hell of a good pastrami sandwhich, sir | King Shit of Fuck Mountain | 11/09/07 |
| ┗📄 Katz's! | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 Yes I do, thank you. In my free time I enjoy defaming Persia... | Decided Schematic Advantage | 11/09/07 |
| ┗📄 Not really. And their ordering system is confusing. | Remember Sniglets? I do. | 11/09/07 |
| ┗📄 Can I get some pastrami? | Trollerskater | 11/09/07 |
| ┗📄 *slices it by hand, piles it high, marks your ticket* | COMMUNITY ACCOUNT OVERLORD | 11/10/07 |
| ┗📄 THEY'RE LOGGING IP ADDRESSES! IT'S A TRICK! THEY'RE GO... | Decided Schematic Advantage | 11/09/07 |
| ┗📄 SOMEONE SET US UP TEH BOMB | A wg walks into a wag | 11/09/07 |
| ┗📄 lol | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 Keker is not fucking around. If they find you, they will ser... | Decided Schematic Advantage | 11/09/07 |
| ┗📄 I'm looking forward to paulie's outing. | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 I know that Paulie will get outed but all the submitters wil... | Decided Schematic Advantage | 11/09/07 |
| 📄 This isn't really a school related thread. | racer5000 | 11/09/07 |
| ┗📄 can we get a Mod to move this thread, plz? | King Shit of Fuck Mountain | 11/09/07 |
| ┗📄 Mods? Which mods? | Decided Schematic Advantage | 11/09/07 |
| ┗📄 that's the joke, friend | King Shit of Fuck Mountain | 11/09/07 |
| ┗📄 In the old days, we respected thread topics. | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 lol | Decided Schematic Advantage | 11/09/07 |
| 📄 Is KVN hiring right now? Will you hire an unemployed B rookly... | cumslut | 11/09/07 |
| 📄 This is the death of this website. | Decided Schematic Advantage | 11/09/07 |
| ┗📄 I've been waiting to bury it for a long time. I'd like to se... | old reg lamenting the board's decline | 11/09/07 |
| ┗📄 *sing "Candle In The Wind"* | Decided Schematic Advantage | 11/09/07 |
| 📄 Plantiffs, please make the following correction to your comp... | Sheli Manning | 11/09/07 |
| 📄 Trust me, if I knew who pauliewalnuts is, I'd have outted hi... | sarcaschtick | 11/10/07 |
| ┗📄 titcpwl | COMMUNITY ACCOUNT OVERLORD | 11/10/07 |

📄 Post new message in this thread

---

🌐 Top  🌐 Next  🌐 Reply

**Date:** November 9th, 2007 5:54 PM
**Author:** doelawsuit (*doelawsuit@kvn.com*)
**Subject:** Civil Action No. 3:07-cv-00909-CFD

Notice re: Case No. 3:07-cv-00909-CFD in the District of Connecticut.

(DOE I & DOE II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47)

Plaintiffs' counsel requests that individuals who have used, or currently use, the above pseudonyms on this web site provide identifying information and/or the identity of counsel representing them so that plaintiffs' counsel may serve them with the complaint and conduct a Fed. R. Civ. P. 26(f) conference. Plaintiffs' counsel may be contacted at (415) 391 5400. Please ask for Ashok Ramani or Steve Mitra. In addition, plaintiffs' counsel may also be contacted by email at doelawsuit@kvn.com.

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875041)

---

⌨ Top   ⌨ Previous   ⌨ Next   ⌨ Reply

**Date:** November 9th, 2007 5:54 PM
**Author:** King Shit of Fuck Mountain

yeah, good luck with that

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875044)

---

⌨ Top   ⌨ Previous   ⌨ Next   ⌨ Reply

**Date:** November 9th, 2007 5:55 PM
**Author:** old reg lamenting the board's decline

No one ever got sued in the old days.

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875048)

---

⌨ Top   ⌨ Previous   ⌨ Next   ⌨ Reply

**Date:** November 9th, 2007 5:56 PM
**Author:** Decided Schematic Advantage

lol

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875050)

# Exhibit J

\

# AutoAdmit ™

*The most prestigious law school admissions discussion board in the world.*

⊕ Back  ▶ **Refresh** ▶ **Options**

**Notification Re: Civil Action No. 3:07-cv-00909-CFD**

| | | |
|---|---|---|
| 📄 Civil Action No. 3:07-cv-00909 CFD | doelawsuit | 11/27/07 |
| └📄 first | A wg walks into a wag | 11/27/07 |
|  └📄 DAMN YOU! | ......,....,.......,.......,.......,......., | 11/27/07 |
|   └📄 pwn3d! | A wg walks into a wag | 11/27/07 |
| └📄 first | ......,....,.......,.......,.......,......., | 11/27/07 |
| └📄 "Plaintiffs' counsel hereby renews the previously-poste... | huesofblues | 11/27/07 |
| └📄 second | ......,....,.......,.......,.......,......., | 11/27/07 |
| └📄 sucks that r@ygold was named. funny moniker | lonestar | 11/27/07 |
| └📄 What is there to discover? not much it seems. | Hillary Nutcracker | 11/27/07 |
| 📄 what if every person on this board takes turns changing thei... | IHATE1L's | 11/27/07 |
| └📄 i wonder if they even got the right AK47. there was AK 47 ... | ......,....,.......,.......,.......,......., | 11/27/07 |
|  └📄 hi AK47 | IHATE1L's | 11/27/07 |
|   └📄 the funniest thing was when he tried to pretend it was a com... | ......,....,.......,.......,.......,......., | 11/27/07 |
| 📄 I wonder if the attorney or paralegal that posted this stuck... | ......,....,.......,.......,.......,......., | 11/27/07 |
| 📄 i can't wait to read about this shit in a casebook someday. | dr. joseph smith's rotting corpse, esq. | 11/27/07 |
| 📄 I am jealous of future law students. | Hillary Nutcracker | 11/27/07 |
| 📄 oh noes! | [DOE I] got a 157 LSAT | 11/27/07 |
| └📄 I laffed. | The precocious 1L that you help. | 11/27/07 |
| └📄 GOTCHA! Date: November 27th, 2007 7:27 PM Author:... | ......,....,.......,.......,.......,......., | 11/27/07 |

📄 Post new message in this thread

---

⊕ Top  ⊕ Next  ⊕ Reply

**Date:** November 27th, 2007 6:49 PM
**Author:** doelawsuit (*doelawsuit@kvn.com*)
**Subject:** Civil Action No. 3:07-cv-00909 CFD

Notice re: Case No. 3:07-cv-00909-CFD in the District of Connecticut.

(DOE I, and DOE II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Schellhammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47)

Plaintiffs' counsel hereby renews the previously-posted request that individuals who have used, or currently use, the above pseudonyms on this web site provide identifying information and/or the identity of counsel representing them so that plaintiffs' counsel may serve them with the complaint and conduct a Fed. R. Civ. P. 26(f) conference. Plaintiffs' counsel may be contacted at (415) 391 5400. Please ask for Ashok Ramani or

Steve Mitra. In addition, plaintiffs' counsel may also be contacted by email at doelawsuit@kvn.com.

Plaintiffs' counsel also hereby notifies individuals who have used the above pseudonyms that plaintiffs intend to move the U.S. District Court, District of Connecticut, to allow plaintiffs to conduct expedited discovery to uncover defendants' identities.

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943859)

---

🌐 Top   🌐 Previous   🌐 Next   🌐 Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** A wg walks into a wag (*IN UR CORREGE, KIRRIN UR KIDZZZZZ*)

first

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943863)

---

🌐 Top   🌐 Previous   🌐 Next   🌐 Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** ...,,.,.,..........,,.....,,,..,,..........,.

DAMN YOU!

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943866)

---

🌐 Top   🌐 Previous   🌐 Next   🌐 Reply

**Date:** November 27th, 2007 6:52 PM
**Author:** A wg walks into a wag (*IN UR CORREGE, KIRRIN UR KIDZZZZZ*)

pwn3d!

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943867)

---

🌐 Top   🌐 Previous   🌐 Next   🌐 Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** ...,,.,.,..........,,.....,,,..,,..........,.

first

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943865)

# Exhibit K

Issued by the

# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>    DISTRICT OF <u>CALIFORNIA</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO:  AT&T, c/o CT Corp.
     818 W. 7th St., 2nd Fl.
     Los Angeles, CA 90017

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Ted McMenamin | Ten days after date of |
| 611 W. 6th Street | service. |
| Los Angeles, CA 90017 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorneys for Plaintiff</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.     "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.     The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.     "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.     You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.     If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.     In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.     In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the IP address 75.18.198.98 on July 18, 2007 at 2:54 a.m. eastern time., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, excluding the contents of any communications stored, carried, or maintained by AT&T.

**Issued by the**

# UNITED STATES DISTRICT COURT

_____ EASTERN _____ DISTRICT OF <u>PENNSYLVANIA</u> _____

Doe I and Doe II

### SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  AutoAdmit
     c/o Leighton Cohen, Esq., 465 West Linden Street
     Allentown, PA  18102

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
     the above case.  (See Attachment A for deposition topics)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn:  Steve Schultz<br>1760 Market Street, 8th Floor<br>Philadelphia, PA  19103 | Ten days from date of service. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I] got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

## EXAMINATION TOPIC

1.    Information relating to the identification of individuals who have posted content on the AutoAdmit website using the user names identified above in REQUEST FOR PRODUCTION NO. 1.

**Issued by the**

# UNITED STATES DISTRICT COURT

_____ MIDDLE _____  DISTRICT OF FLORIDA _____

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: Anthony Ciolli c/o Marc J. Randazza, Esq.
     Weston, Garou, DeWitt & Walters, 781 Douglas Avenue
     Altamonte Springs, FL 32714

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Dan Warblow 131 N. Orange Ave. Orlando, FL 32801 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I] got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN    DISTRICT OF PENNSYLVANIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO: Jarret Cohen c/o Leighton Cohen, Esq.
    465 West Linden Street
    Allentown, PA  18102

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Steve Schultz 1760 Market Street, 8th Floor Philadelphia, PA  19103 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

| | ADDRESS OF SERVER |
|---|---|

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I]    got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF Arizona

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: Domains by Proxy
    14455 North Hayden Road #219
    Scottsdale, AZ 85260

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>Ikon, Attn: Morgan Graham<br>3800 N. Central Ave., #B100<br>Phoenix, AZ 95012 | DATE AND TIME<br>Ten days from date of<br>service. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                DATE                                     SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Documents or information sufficient to identify each and every person who has registered the following domain names: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF <u>KANSAS</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are unknown

Case Number:[1]  07-CV-00909-CFD
District of Connecticut

TO:   EMBARQ CORPORATION
      c/o Thomas A. Gerke, General Counsel
      5454 W. 110th Street, Overland Park, KS 66211

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Joe Jennings<br>1100 Main Street, Suite 1120<br>Kansas City, MO  64105 | Ten days from date of service |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|------|---------------------|

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

**DEFINITIONS**

1.      "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.      The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.      The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.      "Any" shall mean one or more; "each" shall mean "each and every."

**INSTRUCTIONS**

1.      You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.      If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.      In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning Embarq's Internet Protcol ("IP") connection log for 71.48.140.93 between 12:00 am and 5:00 am on March 7, 2007 and any records of any identifying information (such as name, account information, physical address, or telephone number) associated with the person using that IP address during this time-frame.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

Doe I, et al.

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  GODADDY.COM, INC.
Compliance Department
14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn:  Morgan Graham | Ten days from date of |
| 3800 N. Central Ave., #B100 | service. |
| Phoenix, AZ  95012 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Plaintiffs_ |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111,  Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

                            SIGNATURE OF SERVER

                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 2:

All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 3:

Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 4:

File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: HighBeam Research, Inc.
65 East Wacker Place, Ste. 400
Chicago, IL 60601

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Oscar Vega<br>125 So. Wacker Dr., Lower Level B<br>Chicago, IL 60606 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

## REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

      All documents, records or other information that identify the person(s) using your service to locate an article titled "Ex-World Bank Official Disappears From Trial," which is found at http://www.highbeam.com/doc/1P2-915261.html., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "IP2-915261.html", "915261" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>  DISTRICT OF <u>PENNSYLVANIA</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  RYAN MARINER
     1380 Sutton Road
     Shavertown, PA  18708

[  ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn:  Steve Schultz 1760 Market Street, 8th Floor Philadelphia, PA  19103 | Ten days from date of service. |

[  ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

| SERVED | | | | |
|---|---|---|---|---|

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I] got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN____ DISTRICT OF CALIFORNIA____

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: MICROSOFT CORPORATION
c/o CSC – Lawyers Incorporating Service (Agent for Service of Process)
P.O. Box 526036, Sacramento, CA 95852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: AJ Spade<br>1225 8th St., Suite 120<br>Sacramento, CA 95814 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents that identify the person(s) associated with the patrick8765@hotmail.com e-mail account, including but not limited to first and last name, present or last known mailing address, telephone number, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of that person's use of MSN Hotmail.

## REQUEST FOR PRODUCTION NO. 2:

All records or other information concerning the person(s) associated with the patrick8765@hotmail.com e-mail account, excluding the contents of any communications stored, carried, or maintained by Hotmail.

## REQUEST FOR PRODUCTION NO. 3:

All documents that identify the person(s) associated with the batemanhls08@hotmail.com e-mail account, including but not limited to first and last name, present or last known mailing address, telephone number, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of that person's use of MSN Hotmail.

## REQUEST FOR PRODUCTION NO. 4:

All records or other information concerning the person(s) associated with the batemanhls08@hotmail.com e-mail account, excluding the contents of any communications stored, carried, or maintained by Hotmail.

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO: PENTELEDATA, INC. c/o David Masenheimer, Esq.
    Compliance Department
    P. O. Box 197, Palmerton, PA 18071

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE<br>Ikon, Attn: Steve Schultz<br>1760 Market Street, 8th Floor<br>Philadelphia, PA 19103 | DATE AND TIME<br>Ten days after date of<br>service. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

### INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the IP address 24.115.86.20 on January 28, 2007 at 3:23 a.m. E.S.T., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, alternative e-mail addresses, excluding the contents of any communications stored, carried, or maintained by PenTeleData.

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN   DISTRICT OF VIRGINIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO: ServInt Internet Services
    6861 Elm St., Suite 4B
    McLean, VA 22101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Washington Metro, Stephanie Johnson, Mgr. 1120 G Street, 4th Floor Washington, DC | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome St., San Francisco, CA  94111, Telephone (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO.2:

All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 3:

Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 4:

File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 5

All documents constituting or reflecting any communication between you or any ServInt Internet Services employee on the one hand, and Jarret Cohen, autoadmit.com or any other Autoadmit employee or affiliate on the other hand relating to preservation of identifying information for autoadmit.com users or to the identity of one or more users of autoadmit.com.

## REQUEST FOR PRODUCTION NO. 6

All documents constituting or reflecting any agreement or contract between ServInt Internet Services on the one hand, and Jarret Cohen, autoadmit.com or any other Autoadmit employee, affiliate or agent on the other hand.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>   DISTRICT OF <u>NORTH CAROLINA</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO:  University of North Carolina c/o Office of University Counsel
     137 East Frankly Street, Ste. 300B CB #9105
     Chapel Hill, NC  27514

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Chris Stone<br>150 Fayetteville Street Mall<br>Raleigh, NC  27601 | Ten days from date of<br>service. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  DATE | SIGNATURE OF SERVER |
|---|---|
|  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the University of North Carolina's website to locate an article titled "UNC's [DOE III] awarded Morris Udall Scholarship," which is found at http://www.unc.edu/news/archives/apr04/udall042604.html, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "udall042604.html", "042604" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

**Issued by the**

# UNITED STATES DISTRICT COURT

WESTERN    DISTRICT OF VIRGINIA

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:    UNIVERSITY OF VIRGINIA
       c/o Paul Forch, General Counsel
       P.O. Box 400225, Madison Hall, University of Virginia, Charlottesville, VA 22904

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
      testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
      the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
      place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Ben Vest<br>707 E. Main Street, Suite 150<br>Richmond, VA 23219 | 10 days from date of<br>service |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.    The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.    "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.    You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.    If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.    In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.    In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning the University of Virginia's Internet Protocol ("IP") connection log for 128.143.65.74 between 1:00 PM EST and 6:00 PM EST on March 7, 2007, and any records of any identifying information (such as name, account information, physical address, or telephone number) associated with the person using that IP address during this time-frame.

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN    DISTRICT OF CALIFORNIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  VLEX LLC
1840 Gateway Drive, Ste. 200
San Mateo, CA  94404

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keker & Van Nest, LLP | Ten days from date of |
| 710 Sansome Street | service. |
| san Francisco, CA  94111 | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Plaintiffs_ | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using your service to locate information relating to U.S. v.     , Docket No. 97-5026 (Nov. 1998), located at http://www.vlex.us/caselaw/U-S-Court-Of-Appeals-Fourth-Circuit/US-v-    /2100-18179654,01.html, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "2100-18179654,01.html", "18179654" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD

TO: Yale Law School Information Technology
Custodian of Records, c/o Dorothy Robinson, General Counsel
2 Whitney Avenue, 6th Floor, New Haven, CT  06510

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| David N. Rosen, David Rosen & Associates, PC<br>400 Orange Street<br>New Haven, CT  06511 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

| | ADDRESS OF SERVER |
|---|---|

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents related to any investigation performed by you related to AutoAdmit.