# EXHIBIT 1



Rhonda K. Compton  T: 210.351.5129
Legal Compliance Manager  F: 210.370.1073
AT&T Internet Services
130 E. Travis St., Rm. 3-P-01
San Antonio, TX 78205

Via Email:     &. U.S. First-Class Mail

February 7, 2008

Re:  Civil Subpoena re: IP 75.18.198.98 /Doe I and Doe II vs. Individuals whose true names are unknown, et al. /In the U.S. District Court Central District of California/ Case No. Misc. District of Connecticut 07-CV-00909-CFD

Dear

AT&T Internet Services (AT&T) received a subpoena ordering it to produce certain information relating to your Internet account. The subpoena orders AT&T to produce account information and such other documents that will reveal your identity to the party who obtained the subpoena.

The enclosed or attached document means that the attorney for Doe I and Doe II has served a subpoena on AT&T Internet Services requiring production of information regarding your identity. Unless a motion to quash, motion for a protective order, or other motion is filed in accordance with applicable law, AT&T Internet Services will be required by law to disclose the required information. If you choose to file such a motion, you must file it before the date of production (which has been extended to **February 25, 2008** – please note that this extension date was mutually agreed upon by both AT&T Internet Services and the attorney for Doe I and Doe II) and serve a copy of it upon both AT&T Internet Services (at the address and fax number above) and the attorney for Doe I and Doe II. AT&T Internet Services *must receive a copy of any such motion or objection at the address and fax number above prior to the extended response date of* **February 25, 2008.**

Again, please note that this subpoena was not initiated by AT&T Internet Services.

If you have questions about the subpoena, please contact an attorney or the attorney for Doe I and Doe II. AT&T Internet Services is unable to provide legal advice on this matter.

Thank you,

AT&T Internet Services

Encl.

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Doe I and Doe II

V.

Individuals whose true names are unknown, et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] Misc.
District of Connecticut
07-CV-00909-CFD

TO: SBC Internet Services, Inc., c/o CT Corporation System
818 W. 7th St.
Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Ted McMenamin<br>611 W. 6th Street, 3rd Floor<br>Los Angeles, CA 90017 | February 15, 2008<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff | February 1, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Steve Mitra, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

1. "YOU" or "YOUR" means SBC Internet Services, Inc., c/o CT Corporation System and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

3. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

4. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

5. "Any" shall mean one or more; "each" shall mean "each and every."

### INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If YOU cannot respond to a DOCUMENT request fully, after a diligent attempt to attain the requested information, YOU must answer the DOCUMENT request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody or control, YOU shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, YOU shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which YOU assert supports any claim of privilege.

## MATERIALS REQUESTED

1. All DOCUMENTS RELATING TO the identity of all persons using or assigned by YOU the Internet Protocol ("IP") address 75.18.198.98 on July 18, 2007 at 2:54 a.m. Eastern time, including but not limited to DOCUMENTS identifying first and last names, present or last known mailing addresses, telephone numbers and/or email addresses.

2. All DOCUMENTS RELATING TO any formal or informal policy RELATING TO the preservation by YOU of the information requested in Request No. 1 above.