**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DOE I, and DOE II,<br><br>        Plaintiffs,<br><br>v.<br><br>Individuals, whose true names are unknown,<br><br>        Defendants. | Case No. 3:07CV00909 (CFD)<br><br>Date:  April 4, 2008 |

### PLAINTIFFS' OPPOSITION TO JOHN DOE 21'S
### MOTION TO PROCEED ANONYMOUSLY

# MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO JOHN DOE 21'S MOTION TO PROCEED ANONYMOUSLY

## I. INTRODUCTION

John Doe 21, a.k.a. defendant "AK47" ("Doe 21") seeks to proceed anonymously on the grounds that if he were required to defend this case using his real name, he might be subjected to "devastating discussion concerning [his] background, race, religion and other personal details now publicly available on various websites." Def's Mtn. at ¶ 1. Doe 21 further contends that if it were revealed that he posted the message "[Plaintiff DOE II] should be raped" on the AutoAdmit.com message board, he might be subject to "pronounced attacks" on the Internet. *Id.* ¶ 3. A party may proceed anonymously only in "exceptional cases" that present real danger of physical or mental harm or to preserve privacy in highly-sensitive and personal matters. Hyperbole and speculation of the sort advanced by Doe 21 fall well short. Doe 21 has not alleged that he would be in danger of physical or mental harm if his identity were disclosed. Nor has he identified any protectable privacy interest. Doe 21's unsubstantiated fear of humiliation and ridicule do not warrant permitting him to proceed anonymously in this case. The Court should deny his motion.

## II. ARGUMENT

**A. A party may proceed anonymously in litigation only "in exceptional cases."**

Generally, parties to a lawsuit must identify themselves. Fed. R. Civ. Proc. 10(a). Proceeding in litigation anonymously is an uncommon privilege conferred "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). This is a hurdle intentionally set high: because litigation often draws unwanted and unflattering attention, "[t]he risk that a [party] may suffer some embarrassment is not enough." *Id.* To the point here,

1

"[c]ourts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Doe v. United Services. Life Ins. Co.*, 123 F.R.D. 437, 439 n. 1 (S.D.N.Y. 1988).

In deciding whether to permit a party to proceed anonymously, federal courts consider a number of factors relevant to this case, including (1) whether identification poses a risk of retaliatory physical or mental harm to the requesting party; and (2) whether the justification asserted by the requesting party is merely to avoid annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature. *James v. Jacobson*, 6 F.3d 233, 238-39 (4th Cir. 1993) (citing cases). Fundamentally, a party may proceed anonymously only after demonstrating "a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *K.D. v. City of Norwalk*, No. 3:06 CV 406 (WWE), 2006 WL 1662905, at *1 (D. Conn. 2006) (*citing* Fed. R. Civ. Pro. 10(a); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)).

**B.    Doe 21 falls well short of demonstrating that this case qualifies as "exceptional" as it pertains to him.**

Doe 21 has not demonstrated any danger of physical or mental harm. The only "injury" that Doe 21 alleges he might suffer if forced to reveal his identity is a possibility of ridicule on the Internet. *See* Def's Mtn. ¶¶ 1-4. But that speculation, even if true, is plainly insufficient. A party to litigation may not proceed under a fictitious name simply because he fears disapproval by members of the community, social stigma or personal embarrassment. *See Frank* 951 F.2d at 324; *Day v. Sebelius*, 227 F.R.D. 668, 680 (D. Kan. 2005); *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987). And as the court stated in *Day v. Sebelius*, "vague and conclusory allegations by the Doe parties do not support the entry of a protective order [to protect Does' identities]."

2

227 F.R.D. at 680. Thus, even if being made a laughingstock online were sufficient to justify proceeding anonymously (which it is not), Doe 21's unexplained claim that he would suffer "particularly severe" "damage" fails to explain what this damage would be, who would cause it, when it would occur, or what the effects would be. *See* Def's Mtn. ¶ 4.

Indeed, the only harm that Doe 21 describes in other than conclusory terms is harm that *other* parties allegedly have experienced as a result of *their* names being associated with this case. *See* Def's Mtn. ¶¶ 3, 5-7. For example, Doe 21 alleges that "Ryan Mariner" "was repeatedly attacked on AutoAdmit" after Plaintiffs mentioned his name in their pleadings. *Id.* ¶ 3. Similarly, Doe 21 claims that a third party whose real name was used by a pseudonymous defendant in this case was "thoroughly ridiculed and attacked on the AutoAdmit site as a result of [his name] being implicated" in this lawsuit. *Id.* ¶ 5. Finally, Doe 21 alleges that former defendant Anthony Ciolli "lost a job offer due to being implicated in this matter." *Id.* ¶ 7. Because these allegations have nothing to do with Doe 21, they should be ignored for the purposes of this motion. If Doe 21 contends that he will suffer the same "harm" that these other individuals allegedly experienced, his request to proceed anonymously still fails because (1) he cannot avoid disclosing his real name in this litigation simply because he fears being attacked or ridiculed on AutoAdmit; and (2) he is not permitted to proceed under a fictitious name simply to protect his economic interests. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (anonymity denied where Doe had not "established real, imminent personal danger" if identity was revealed); *Guerrilla Girls. Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (defendants could not proceed anonymously where only injury alleged was economic).

Doe 21's assertion that he should be able to proceed anonymously because the Court granted Plaintiffs' request to proceed anonymously is nonsensical. Unlike Doe 21, Plaintiffs

sought to proceed anonymously *after* they had *indisputably* endured months of vicious harassment, threats of physical violence, and defamatory attacks on AutoAdmit, through no fault of their own. In addition, after Plaintiffs discussed the attacks they had experienced on AutoAdmit with the media, the defendants responded by subjecting Plaintiffs to *even more* dangerous and provocative comments, threats, and incitement to others to harm Plaintiffs. *See* Plaintiffs' Motion to Proceed In Fictitious Name, (Doc. 4), ¶ 3. By contrast, other than alleging *potential* fear of humiliation and ridicule, Doe 21 has made no showing of risk of physical or emotional harm if his identity is revealed.[1]

Furthermore, Doe 21's contention that he might be subject to "devastating discussion concerning [his] background, race, religion and other personal details" does not implicate any privacy concerns because he concedes that this information and "other personal details" about him are "now *publicly available* on various websites." Def's Mtn. ¶ 1 (emphasis added); *see Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying Doe's request to proceed anonymously in order to prevent disclosure of his status as a sex offender where status was already disclosed in the underlying conviction.) Thus, granting Doe 21 anonymity in this case will do nothing to preserve his privacy concerning matters that are already readily available on the Internet.

Finally, any fears that Doe 21 may have about being humiliated or ridiculed if he defends against Plaintiffs' claims using his real name are outweighed by the public's legitimate interest in

---

[1] Doe 21's attempt to equate himself to Plaintiffs is ironic because he has *demonstrably* threatened and continues to threaten Plaintiffs with the sort of abuse from which he seeks protection. *See* Declaration of Steve Mitra in Support of Plaintiffs' Opposition to John Doe 21's Motion to Quash Subpoena, (Doc. 30), Ex. 4 at 2-4 (letter from Doe 21 to Plaintiffs' counsel threatening that if his identity is revealed, he will create a new public forum to further harass and defame Plaintiffs).

4

openness of judicial proceedings. It is well established that "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, No. 96 Civ. 1756, 1997 WL 171011, at *5 (S.D.N.Y. Apr. 10, 1997) (*citing Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). Here, the public has a legitimate interest in knowing the identities of defendants in this case—including Doe 21 a.k.a. AK47—who Plaintiffs contend have abused the cloak of anonymity to harass, threaten and defame Plaintiffs.

Accordingly, Doe 21 has no grounds to proceed in this case under the shield of a fictitious name, and the Court should deny his motion.

### III. CONCLUSION

Doe 21's conclusory allegations that he might be ridiculed on the Internet if he defends himself in this lawsuit using his real name do not warrant permitting him to proceed anonymously in this case. The Court should deny his motion.

Dated: April 4, 2008                                    PLAINTIFFS DOE I AND DOE II

By: ____/s/ Ashok Ramani_____
Mark Lemley (*pro hac vice*)
Ashok Ramani (*pro hac vice*)
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:   MLemley@kvn.com
         ARamani@kvn.com

David N. Rosen
David Rosen & Associates PC
400 Orange Street
New Haven, CT 06511
Telephone: (203) 787-3513
Facsimile: (203) 789-1605
Email:   DRosen@davidrosenlaw.com