# Exhibit I

Dockets.Justia.com

\

# AutoAdmit ™

*The most prestigious law school admissions discussion board in the world.*

🔵 Back ▶ Refresh ▶ Options

**Doe Action, Case No. 3:07-cv-00909-CFD**

| | | |
|---|---|---|
| 📄 Civil Action No. 3:07-cv-00909-CFD | doelawsuit | 11/09/07 |
| ↳📄 yeah, good luck with that | King Shit of Fuck Mountain | 11/09/07 |
| ↳📄 No one ever got sued in the old days. | old reg lamenting the board's decline | 11/09/07 |
|   ↳📄 lol | Decided Schematic Advantage | 11/09/07 |
|   ↳📄 titcr, but then pauliewalnuts and his ilk went WAY too far, ... | outofurleague | 11/09/07 |
| ↳📄 sigh. Fine. Call me at 212.254.2246 WGWAG forever my b... | Decided Schematic Advantage | 11/09/07 |
|   ↳📄 If I call that number, will a Pizza Hut employee answer? | old reg lamenting the board's decline | 11/09/07 |
|     ↳📄 No, you will talk to me. | Decided Schematic Advantage | 11/09/07 |
|       ↳📄 you make a hell of a good pastrami sandwhich, sir | King Shit of Fuck Mountain | 11/09/07 |
|         ↳📄 Katz's! | old reg lamenting the board's decline | 11/09/07 |
|         ↳📄 Yes I do, thank you. In my free time I enjoy defaming Persia... | Decided Schematic Advantage | 11/09/07 |
|         ↳📄 Not really. And their ordering system is confusing. | Remember Sniglets? I do. | 11/09/07 |
|       ↳📄 Can I get some pastrami? | Trollerskater | 11/09/07 |
|         ↳📄 *slices it by hand, piles it high, marks your ticket* | COMMUNITY ACCOUNT OVERLORD | 11/10/07 |
| ↳📄 THEY'RE LOGGING IP ADDRESSES! IT'S A TRICK! THEY'RE GO... | Decided Schematic Advantage | 11/09/07 |
|   ↳📄 SOMEONE SET US UP TEH BOMB | A wg walks into a wag | 11/09/07 |
|     ↳📄 lol | old reg lamenting the board's decline | 11/09/07 |
|       ↳📄 Keker is not fucking around. If they find you, they will ser... | Decided Schematic Advantage | 11/09/07 |
|         ↳📄 I'm looking forward to paulie's outing. | old reg lamenting the board's decline | 11/09/07 |
|           ↳📄 I know that Paulie will get outed but all the submitters wil... | Decided Schematic Advantage | 11/09/07 |
| 📄 This isn't really a school related thread. | racer5000 | 11/09/07 |
| ↳📄 can we get a Mod to move this thread, plz? | King Shit of Fuck Mountain | 11/09/07 |
|   ↳📄 Mods? Which mods? | Decided Schematic Advantage | 11/09/07 |
|     ↳📄 that's the joke, friend | King Shit of Fuck Mountain | 11/09/07 |
| 📄 In the old days, we respected thread topics. | old reg lamenting the board's decline | 11/09/07 |
| ↳📄 lol | Decided Schematic Advantage | 11/09/07 |
| 📄 Is KVN hiring right now? Will you hire an unemployed B rookly... | cumslut | 11/09/07 |
| 📄 This is the death of this website. | Decided Schematic Advantage | 11/09/07 |
| ↳📄 I've been waiting to bury it for a long time. I'd like to se... | old reg lamenting the board's decline | 11/09/07 |
|   ↳📄 *sing "Candle In The Wind"* | Decided Schematic Advantage | 11/09/07 |
| 📄 Plantiffs, please make the following correction to your comp... | Sheli Manning | 11/09/07 |
| 📄 Trust me, if I knew who pauliewalnuts is, I'd have outted hi... | sarcaschtick | 11/10/07 |
| ↳📄 titcpwl | COMMUNITY ACCOUNT OVERLORD | 11/10/07 |

📄 Post new message in this thread

---

🔵 Top   🔵 Next   🔵 Reply

**Date:** November 9th, 2007 5:54 PM
**Author:** doelawsuit (*doelawsuit@kvn.com*)
**Subject:** Civil Action No. 3:07-cv-00909-CFD

Notice re: Case No. 3:07-cv-00909-CFD in the District of Connecticut.

(DOE I & DOE II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is;Joel Schell hammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47)

Plaintiffs' counsel requests that individuals who have used, or currently use, the above pseudonyms on this web site provide identifying information and/or the identity of counsel representing them so that plaintiffs' counsel may serve them with the complaint and conduct a Fed. R. Civ. P. 26(f) conference. Plaintiffs' counsel may be contacted at (415) 391 5400. Please ask for Ashok Ramani or Steve Mitra. In addition, plaintiffs' counsel may also be contacted by email at doelawsuit@kvn.com.

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875041)

---

⊛ Top   ⊛ Previous   ⊛ Next   ⊛ Reply

**Date:** November 9th, 2007 5:54 PM
**Author:** King Shit of Fuck Mountain

yeah, good luck with that

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875044)

---

⊛ Top   ⊛ Previous   ⊛ Next   ⊛ Reply

**Date:** November 9th, 2007 5:55 PM
**Author:** old reg lamenting the board's decline

No one ever got sued in the old days.

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875048)

---

⊛ Top   ⊛ Previous   ⊛ Next   ⊛ Reply

**Date:** November 9th, 2007 5:56 PM
**Author:** Decided Schematic Advantage

lol

(http://www.autoadmit.com/thread.php?thread_id=714620&forum_id=2#8875050)

# Exhibit J

\

# AutoAdmit ™   *The most prestigious law school admissions discussion board in the world.*

● Back  ▶Refresh ▶Options

**Notification Re: Civil Action No. 3:07-cv-00909-CFD**

| | | | |
|---|---|---|---|
| 📄 Civil Action No. 3:07-cv-00909 CFD | | doelawsuit | 11/27/07 |
| └📄 first | | A wg walks into a wag | 11/27/07 |
|   └📄 DAMN YOU! | | ....................................... | 11/27/07 |
|     └📄 pwn3d! | | A wg walks into a wag | 11/27/07 |
| └📄 first | | ....................................... | 11/27/07 |
| └📄 "Plaintiffs' counsel hereby renews the previously-poste... | | huesofblues | 11/27/07 |
| └📄 second | | ....................................... | 11/27/07 |
| └📄 sucks that r@ygold was named. funny moniker | | lonestar | 11/27/07 |
| └📄 What is there to discover? not much it seems. | | Hillary Nutcracker | 11/27/07 |
| 📄 what if every person on this board takes turns changing thei... | | IHATE1L's | 11/27/07 |
| └📄 i wonder if they even got the right AK47. there was AK 47 ... | | ....................................... | 11/27/07 |
|   └📄 hi AK47 | | IHATE1L's | 11/27/07 |
|     └📄 the funniest thing was when he tried to pretend it was a com... | | ....................................... | 11/27/07 |
| 📄 I wonder if the attorney or paralegal that posted this stuck... | | ....................................... | 11/27/07 |
| 📄 I can't wait to read about this shit in a casebook someday. | | dr. joseph smith's rotting corpse, esq. | 11/27/07 |
| └📄 I am jealous of future law students. | | Hillary Nutcracker | 11/27/07 |
| 📄 oh noes! | | [DOE I] got a 157 LSAT | 11/27/07 |
| └📄 I laffed. | | The precocious 1L that you help. | 11/27/07 |
| └📄 GOTCHA! Date: November 27th, 2007 7:27 PM Author:... | | ....................................... | 11/27/07 |

📄 Post new message in this thread

---

● Top  ● Next  ● Reply

**Date:** November 27th, 2007 6:49 PM
**Author:** doelawsuit (*doelawsuit@kvn.com*)
**Subject:** Civil Action No. 3:07-cv-00909 CFD

Notice re: Case No. 3:07-cv-00909-CFD in the District of Connecticut.

(DOE I, and DOE II v. Individuals, whose true names are unknown, using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; :D; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is;Joel Schell hammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47)

Plaintiffs' counsel hereby renews the previously-posted request that individuals who have used, or currently use, the above pseudonyms on this web site provide identifying information and/or the identity of counsel representing them so that plaintiffs' counsel may serve them with the complaint and conduct a Fed. R. Civ. P. 26(f) conference. Plaintiffs' counsel may be contacted at (415) 391 5400. Please ask for Ashok Ramani or

Steve Mitra. In addition, plaintiffs' counsel may also be contacted by email at doelawsuit@kvn.com.

Plaintiffs' counsel also hereby notifies individuals who have used the above pseudonyms that plaintiffs intend to move the U.S. District Court, District of Connecticut, to allow plaintiffs to conduct expedited discovery to uncover defendants' identities.

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943859)

---

⚙Top   ⚙Previous   ⚙Next   ⚙Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** A wg walks into a wag (*IN UR CORREGE, KIRRIN UR KIDZZZZZ*)

first

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943863)

---

⚙Top   ⚙Previous   ⚙Next   ⚙Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** ...,,.,.,...........,,.....,,,..,,..........,.

DAMN YOU!

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943866)

---

⚙Top   ⚙Previous   ⚙Next   ⚙Reply

**Date:** November 27th, 2007 6:52 PM
**Author:** A wg walks into a wag (*IN UR CORREGE, KIRRIN UR KIDZZZZZ*)

pwn3d!

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943867)

---

⚙Top   ⚙Previous   ⚙Next   ⚙Reply

**Date:** November 27th, 2007 6:51 PM
**Author:** ...,,.,.,...........,,.....,,,..,,..........,.

first

(http://www.autoadmit.com/thread.php?thread_id=722682&forum_id=2#8943865)

# Exhibit K

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO:  AT&T, c/o CT Corp.
     818 W. 7th St., 2nd Fl.
     Los Angeles, CA 90017

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE<br>Ikon, Attn:  Ted McMenamin<br>611 W. 6th Street<br>Los Angeles, CA  90017 | DATE AND TIME<br>Ten days after date of<br>service. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.    The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.    "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.    You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.    If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.    In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.    In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the IP address 75.18.198.98 on July 18, 2007 at 2:54 a.m. eastern time., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, excluding the contents of any communications stored, carried, or maintained by AT&T.

Issued by the

# UNITED STATES DISTRICT COURT

_____ EASTERN _____ DISTRICT OF PENNSYLVANIA _____

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  AutoAdmit
     c/o Leighton Cohen, Esq., 465 West Linden Street
     Allentown, PA  18102

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
     the above case.  (See Attachment A for deposition topics)

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn:  Steve Schultz 1760 Market Street, 8th Floor Philadelphia, PA  19103 | Ten days from date of service. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I] got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

## EXAMINATION TOPIC

1. Information relating to the identification of individuals who have posted content on the AutoAdmit website using the user names identified above in REQUEST FOR PRODUCTION NO. 1.

## Issued by the

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u> DISTRICT OF <u>FLORIDA</u>

Doe I and Doe II

### SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: Anthony Ciolli c/o Marc J. Randazza, Esq.
Weston, Garou, DeWitt & Walters, 781 Douglas Avenue
Altamonte Springs, FL 32714

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Dan Warblow 131 N. Orange Ave. Orlando, FL 32801 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schel l hammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I]   got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

_____EASTERN_____ DISTRICT OF __PENNSYLVANIA__

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  Jarret Cohen c/o Leighton Cohen, Esq.
     465 West Linden Street
     Allentown, PA  18102

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Steve Schultz 1760 Market Street, 8th Floor Philadelphia, PA  19103 | Ten days from date of service. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE I]    got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF <u>Arizona</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:  Domains by Proxy
    14455 North Hayden Road #219
    Scottsdale, AZ  85260

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>Ikon, Attn:  Morgan Graham<br>3800 N. Central Ave., #B100<br>Phoenix, AZ  95012 | DATE AND TIME<br>Ten days from date of<br>service. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorneys for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                              DATE                                    SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Documents or information sufficient to identify each and every person who has registered the following domain names: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF __KANSAS__

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are unknown

Case Number: [1]  07-CV-00909-CFD
District of Connecticut

TO:    EMBARQ CORPORATION
c/o Thomas A. Gerke, General Counsel
5454 W. 110th Street, Overland Park, KS 66211

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE<br>Ikon,  Attn: Joe Jennings<br>1100 Main Street, Suite 1120<br>Kansas City, MO  64105 | DATE AND TIME<br>Ten days from date of<br>service |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| __Attorney for Plaintiffs__ | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.      "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.      The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.      The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.      "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.      You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.      If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.      In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents concerning Embarq's Internet Protcol ("IP") connection log for 71.48.140.93 between 12:00 am and 5:00 am on March 7, 2007 and any records of any identifying information (such as name, account information, physical address, or telephone number) associated with the person using that IP address during this time-frame.

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

Doe I, et al.

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: GODADDY.COM, INC.
Compliance Department
14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE<br>Ikon, Attn: Morgan Graham<br>3800 N. Central Ave., #B100<br>Phoenix, AZ 95012 | DATE AND TIME<br>Ten days from date of service. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

### INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 2:

All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 3:

Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 4:

File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by GoDaddy: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>NORTHERN</u> DISTRICT OF <u>ILLINOIS</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO: HighBeam Research, Inc.
65 East Wacker Place, Ste. 400
Chicago, IL 60601

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Oscar Vega | Ten days from date of |
| 125 So. Wacker Dr., Lower Level B | service. |
| Chicago, IL 60606 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using your service to locate an article titled "Ex-World Bank Official Disappears From Trial," which is found at http://www.highbeam.com/doc/1P2-915261.html., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "IP2-915261.html", "915261" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO: RYAN MARINER
1380 Sutton Road
Shavertown, PA 18708

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| To be negotiated. | 14 days from service, to begin at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Steve Schultz 1760 Market Street, 8th Floor Philadelphia, PA 19103 | Ten days from date of service. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and information relating to the identification of individuals who have posted content on the AutoAdmit website using the following user names:

pauliewalnuts

neoprag

STANFORDtroll

:D

lkjhgf

yalelaw

Spanky

ylsdooder

HI

David Carr

vincimus

Cheese Eating Surrender Monkey

A horse walks into a bar

The Ayatollah of Rock-n-Rollah

DRACULA

Sleazy Z

Whamo

Ari Gold

Ugly Women

playboytroll

Dean_Harold_Koh

kr0nz

reminderdood

r@ygold

who is

Joel Schellhammer

Prof. Brian Leiter

hitlerhitlerhitler

lonelyvirgin

Patrick Zeke <patrick8765@hotmail.com>

Patrick Bateman <batemanhls08@hotmail.com>

[DOE 1] got a 157 LSAT.

azn, azn, azn

Dirty Nigger

leaf

t14 gunner

kibitzer

yalels2009

AK47

This includes but is not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, registration addresses, and all logs containing the source Internet Protocol ("IP") addresses.

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: MICROSOFT CORPORATION
c/o CSC – Lawyers Incorporating Service (Agent for Service of Process)
P.O. Box 526036, Sacramento, CA 95852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>Ikon, Attn: AJ Spade<br>1225 8th St., Suite 120<br>Sacramento, CA 95814 | DATE AND TIME<br>Ten days from date of service. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiffs | DATE |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.     "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.     The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.     "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.     You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.     If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.     In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.     In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents that identify the person(s) associated with the patrick8765@hotmail.com e-mail account, including but not limited to first and last name, present or last known mailing address, telephone number, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of that person's use of MSN Hotmail.

## REQUEST FOR PRODUCTION NO. 2:

All records or other information concerning the person(s) associated with the patrick8765@hotmail.com e-mail account, excluding the contents of any communications stored, carried, or maintained by Hotmail.

## REQUEST FOR PRODUCTION NO. 3:

All documents that identify the person(s) associated with the batemanhls08@hotmail.com e-mail account, including but not limited to first and last name, present or last known mailing address, telephone number, alternative e-mail addresses, and any Internet Protocol ("IP") addresses recorded in the course of that person's use of MSN Hotmail.

## REQUEST FOR PRODUCTION NO. 4:

All records or other information concerning the person(s) associated with the batemanhls08@hotmail.com e-mail account, excluding the contents of any communications stored, carried, or maintained by Hotmail.

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO: PENTELEDATA, INC. c/o David Masenheimer, Esq.
Compliance Department
P. O. Box 197, Palmerton, PA 18071

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE<br>Ikon, Attn: Steve Schultz<br>1760 Market Street, 8th Floor<br>Philadelphia, PA 19103 | DATE AND TIME<br>Ten days after date of service. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiffs | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111. Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**DEFINITIONS**

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

**INSTRUCTIONS**

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the IP address 24.115.86.20 on January 28, 2007 at 3:23 a.m. E.S.T., including but not limited to first and last names, present or last known mailing addresses, telephone numbers, alternative e-mail addresses, excluding the contents of any communications stored, carried, or maintained by PenTeleData.

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>EASTERN</u> DISTRICT OF <u>VIRGINIA</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: ServInt Internet Services
6861 Elm St., Suite 4B
McLean, VA 22101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>Ikon, Washington Metro, Stephanie Johnson, Mgr.<br>1120 G Street, 4th Floor<br>Washington, DC | DATE AND TIME<br>Ten days from date of<br>service. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome St., San Francisco, CA 94111, Telephone (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

1.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.    The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.    "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.    You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.    If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.    In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.    In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All log files created between May 1, 2005 and the present for all web servers associated with the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO.2:

All log files created between May 1, 2005 and the present that are associated with the Bulletin Board System ("BBS") running on any of the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 3:

Operating system, web server, and BBS authentication records created between May 1, 2005 and the present that are running on any of the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 4:

File system backups created between May 1, 2005 and the present of the file systems upon which the AutoAdmit BBS and web server reside for the following domain names hosted by ServInt Internet Services: autoadmit.com, xoxohth.com, cohenrisk.com, and c16.statcounter.com.

## REQUEST FOR PRODUCTION NO. 5

All documents constituting or reflecting any communication between you or any ServInt Internet Services employee on the one hand, and Jarret Cohen, autoadmit.com or any other Autoadmit employee or affiliate on the other hand relating to preservation of identifying information for autoadmit.com users or to the identity of one or more users of autoadmit.com.

## REQUEST FOR PRODUCTION NO. 6

All documents constituting or reflecting any agreement or contract between ServInt Internet Services on the one hand, and Jarret Cohen, autoadmit.com or any other Autoadmit employee, affiliate or agent on the other hand.

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u> DISTRICT OF <u>NORTH CAROLINA</u>

Doe I and Doe II

**SUBPOENA IN A CIVIL CASE**

V.

Individuals whose true names are
unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO: University of North Carolina c/o Office of University Counsel
137 East Frankly Street, Ste. 300B CB #9105
Chapel Hill, NC 27514

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Chris Stone | Ten days from date of |
| 150 Fayetteville Street Mall | service. |
| Raleigh, NC 27601 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using the University of North Carolina's website to locate an article titled "UNC's [DOE II] awarded Morris Udall Scholarship," which is found at http://www.unc.edu/news/archives/apr04/udall042604.html, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "udall042604.html", "042604" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

**Issued by the**

# UNITED STATES DISTRICT COURT

__WESTERN__ DISTRICT OF __VIRGINIA__

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are unknown

Case Number: [1] 07-CV-00909-CFD
District of Connecticut

TO:   UNIVERSITY OF VIRGINIA
c/o Paul Forch, General Counsel
P.O. Box 400225, Madison Hall, University of Virginia, Charlottesville, VA 22904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Ikon, Attn: Ben Vest 707 E. Main Street, Suite 150 Richmond, VA 23219 | 10 days from date of service |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111, Telephone 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2.    The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4.    "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.    You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.    If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3.    In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4.    In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning the University of Virginia's Internet Protocol ("IP") connection log for 128.143.65.74 between 1:00 PM EST and 6:00 PM EST on March 7, 2007, and any records of any identifying information (such as name, account information, physical address, or telephone number) associated with the person using that IP address during this time-frame.

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD
District of Connecticut

TO:  VLEX LLC
    1840 Gateway Drive, Ste. 200
    San Mateo, CA  94404

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keker & Van Nest, LLP<br>710 Sansome Street<br>san Francisco, CA  94111 | Ten days from date of<br>service. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA  94111 Telephone:  415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, records or other information that identify the person(s) using your service to locate information relating to U.S. v.           , Docket No. 97-5026 (Nov. 1998), located at http://www.vlex.us/caselaw/U-S-Court-Of-Appeals-Fourth-Circuit/US-v-           /2100-18179654,01.html, including but not limited to first and last names, present or last known mailing addresses, telephone numbers, e-mail addresses, and all logs containing the source Internet Protocol ("IP") addresses of all access to the location or file "2100-18179654,01.html", "18179654" or other variants thereof between 12:00 a.m. EST on March 1, 2007 and 5:23 p.m. on March 7, 2007.

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

Doe I and Doe II

## SUBPOENA IN A CIVIL CASE

V.

Individuals whose true names are
unknown

Case Number:[1] 07-CV-00909-CFD

TO: Yale Law School Information Technology
Custodian of Records, c/o Dorothy Robinson, General Counsel
2 Whitney Avenue, 6th Floor, New Haven, CT 06510

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| David N. Rosen, David Rosen & Associates, PC<br>400 Orange Street<br>New Haven, CT 06511 | Ten days from date of<br>service. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Attorney for Plaintiffs</u> | |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Benjamin W. Berkowitz, Keker & Van Nest, LLP
710 Sansome Street, San Francisco, CA 94111 Telephone: 415-391-5400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## DEFINITIONS

1. "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, notebooks, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

2. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

3. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

4. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. You are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 45(d), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If you cannot respond to a document request fully, after a diligent attempt to attain the requested information, you must answer the document request to the extent possible, specify the portion of the document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in your possession, custody or control, you shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, you shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which you assert supports any claim of privilege.

# REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents related to any investigation performed by you related to AutoAdmit.