**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| DOE I, and DOE II,<br><br>     Plaintiffs,<br><br>v.<br><br>Individuals, whose true names are unknown,<br><br>     Defendants. | Case No. 3:07CV00909 (CFD)<br><br>Date: 5/8/2008 |

**<u>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO JOHN DOE
21 *A/K/A* "AK47"'S MOTION TO QUASH PLAINTIFFS' SUBPOENA</u>**

416894.02

Dockets.Justia.com

## I. INTRODUCTION

As promised during this Monday's hearing, Plaintiffs submit this supplemental memorandum to demonstrate the Court's subject-matter jurisdiction over Plaintiff DOE II's causes of action and to provide the Court with a copy of AT&T Internet Services' ("AT&T") Privacy Policy. Both issues manifestly support Plaintiffs' position: the Court has subject-matter jurisdiction over DOE II's claims, and the AT&T privacy policy further supports denial of AK47's motion to quash.

## II. ARGUMENT

### A. The Court has subject-matter jurisdiction over DOE II's claims.

The Court has primary original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States. 28 U.S.C. § 1331. Likewise, the Court may exercise supplemental jurisdiction over pendant state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, the Court may adjudicate pendant state-law claims to the extent that those claims derive from or are attendant to a plaintiff's federal claims. *See id.*

Plaintiffs apologize for confusion created by a typographical error: Paragraph 67 of the First Amended Complaint ("FAC") should allege that DOE II, *not* DOE I, "repeats and realleges each and every allegation set forth in the preceding paragraphs of the Amended Complaint as if fully set forth herein." As alleged elsewhere, it is DOE II, not DOE I, who owns valid copyrights in her photographs and has registered these copyrights with the United States Copyright Office. *See* First Amended Complaint ("FAC") ¶ 38. And it is DOE II who alleges that certain anonymous defendants, acting individually or in concert, copied DOE II's copyrighted photographs and published them by uploading them to the website located at http://www.hidebehind.com and linking to them through the t14 sites and the AutoAdmit message board. *See id.* ¶ 38. On the t14 web log, links were posted to webpages containing pictures of DOE II alongside pornographic or otherwise unflattering advertisements. *See id.*

1

¶ 39. All of this activity was done wrongfully and without DOE II's consent or permission. *See id.* This Court thus exercises primary original jurisdiction over DOE II's copyright claim.

The Court may—and should—continue to exercise supplemental jurisdiction over DOE II's remaining state-law claims for appropriation of another's name or likeness, unreasonable publicity, false light, intentional and negligent infliction of emotional distress, and libel. *See* FAC ¶¶ 70-99. Each and every one of DOE II's state-law claims, along with DOE II's copyright claim, arises from the same nucleus of operative facts—namely, defendants' threatening, harassing and defamatory conduct targeting DOE II on AutoAdmit.com and the t14 website. *DeNuzzo v. Yale New Haven Hosp.*, 465 F. Supp.2d 148, 152 (D. Conn. 2006) (exercising supplemental jurisdiction over state law claims where plaintiff's federal and state claims were derived from a common nucleus of operative facts, concerned the "same conduct," and would require the "same evidence" or "the determination of the same facts") (citation omitted); *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991) (disputes are part of the "same case or controversy" within § 1367 when they "derive from a common nucleus of operative fact") (internal citation omitted). Thus, this Court should continue to exercise supplemental jurisdiction over DOE II's state-law claims.[1]

**B.  Plaintiffs' subpoena to AT&T does not violate the privacy agreement between AT&T and AK47.**

AT&T's privacy policy applies to all customers of AT&T's Internet services, including AK47. *See* Darling Decl., Ex. A at 1 ("Before using your service, you must agree to this Policy."). In that policy, AT&T disclosed to AK47 that it collects and maintains from all of its customers certain account information, and that AT&T retains the discretion to disclose any such

---

[1] This Court also has subject matter jurisdiction over DOE I's claims. Plaintiffs have not discussed jurisdiction over DOE I's claims in this brief because AK47's motions relate only to conduct aimed at DOE II, not DOE I, and the Court did not focus on DOE I's claims at oral argument on AK47's motions. Plaintiffs, however, would be happy to brief the issue of the Court's subject matter jurisdiction over DOE I's claims upon the Court's request.

416894.02

information in response to a subpoena:

> While your account information may be personal to you, these records constitute business records that are owned by AT&T.  As such, AT&T may disclose such records to protect its legitimate business interests, safeguard others, or respond to legal process . . . .  We may disclose your information in response to subpoena, court orders, or other legal process . . . .

*Id.* at 2.  Thus, AK47 had a minimal expectation of privacy in his account information.  AT&T's privacy policy thus serves as no impediment to, but indeed further supports, disclosure of the information sought by Plaintiffs' subpoena.  *See Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (disclosure of Doe defendants' identities was warranted where, among other things, defendant had a minimal expectation of privacy).

### III.    CONCLUSION

This Court has subject-matter jurisdiction over DOE II's claims, and the AT&T privacy policy further supports denial of AK47's motion to quash.

Dated: May 8, 2008

PLAINTIFFS DOE I AND DOE II

By:   _____/s/ Ashok Ramani_____
Mark Lemley (*pro hac vice*)
Ashok Ramani (*pro hac vice*)
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188
Email:     MLemley@kvn.com
                ARamani@kvn.com

David N. Rosen
David Rosen & Associates PC
400 Orange Street
New Haven, CT 06511
Telephone: (203) 787-3513
Facsimile: (203) 789-1605
Email:     DRosen@davidrosenlaw.com

3