UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DOE I, ET AL.                           :

VS.                                     :          CIVIL NO. 3:07cv909(CFD)

ANTHONY CIOLLI, ET AL.                  :          MAY 11, 2008

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION TO QUASH AND SUGGESTION OF
DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

The plaintiffs' lead attorney in this case has appropriately written that "[b]y mischaracterizing tort claims as copyright claims, plaintiffs seek to take advantage of a more favorable legal regime. This sort of gamesmanship is undesirable." Lemle, "Rationalizing Internet Safe Harbors," *Stanford Public Law Working Paper No. 979836* (April 10, 2007), http://ssm.com/abstract=9798736. That, of course, is exactly what the plaintiffs have done here. The only basis for federal jurisdiction of this action is the plaintiffs' claim that one of them, Doe I, "owns valid copyrights in her photographs and has registered these copyrights with the United States Copyright Office." The plaintiffs now admit that Doe I has no such copyright at all. They argue, somewhat disingenuously, that this inaccurate claim was a mere "typographical error" and that another plaintiff in

1

fact owns and has registered a copyright.

If in fact this were a mere typographical error, one might suppose the plaintiffs would have corrected it when the error was brought to their attention; but the error was brought to their attention repeatedly before the recent oral argument and no effort was made to change the express, but now admittedly inaccurate, allegation of the complaint. The plaintiffs and their attorneys first were notified of this issue in an AutoAdmit thread on June 12, 2007. See http://www.autoadmit.com/thread.php?thread_id=644117&mc=79&forum_id=2#8246616. The plaintiffs have submitted to this court several other posts from that same thread on that very same day, so their awareness of these warnings is indisputable. Moreover, in the Pennsylvania litigation, <u>Ciolli v. Iravani, et al.</u>, which Attorney Rosen says has not yet been served upon him but which has, apparently, been served upon Attorney Lemle and both Doe plaintiffs, this fact is discussed explicitly:

> 161. Defendant Heller, even in the event that she possessed a good faith belief that Mr. Ciolli was "pauliewalnuts," knew that she had no valid cause of action against "pauliewalnuts" for copyright infringement because she did not own a valid copyright to any of the pictures used by "pauliewalnuts" on the T14 Talent website. Ms. Heller nonetheless filed a claim against Mr. Ciolli and "pauliewalnuts."

> 164. The Attorney Defendants, even in the event that they possessed a good faith belief in their clients, knew or should have known that even in the event Mr. Ciolli was in fact "pauliewalnuts,"

Defendant Heller had no valid cause of action against "pauliewalnuts" because she did not own a valid copyright to any photograph allegedly infringed by "pauliewalnuts."

The egregiousness of the plaintiffs' mischaracterization of the facts does not end there, however. Doe I and Doe II, represented by the very same law firm that represents them in this case, Keker & VanNest LLP of San Francisco, also have filed suit against the same group of defendants, including AK47, in the United States District Court for the Western District of Virginia. That action has been assigned Docket Number Misc. No. 5:08mc0001. On April 10, 2008, Anthony Ciolli (clearly a victim of the Does and their counsel) filed a motion to quash with an accompanying Memorandum of Law, served upon Keker & Van Nest, which states:

> Plaintiff Doe 1 has brought forth a suit for copyright infringement under 17 U.S.C. § 501 as part of the Connecticut litigation....Though Plaintiff Doe 1 does not specify which defendants she is seeking to hold liable for copyright infringement, the specific facts surrounding the alleged infringement are irrelevant since Plaintiff Doe 1's cause of action would fail regardless of which defendants she asserts it against. It is well established that a plaintiff bears the burden of proving that she owns a valid, registered copyright in the work allegedly infringed at the time the infringement lawsuit is commenced. *See* Compaq Computer Corp. v. Ergonome, Inc., 387 F.3d 403, 407 (5th Cir. 2004). Only the copyright owner at the time the alleged acts of infringement occurred has standing to bring an action for infringement, and a copyright owner may not designate a third party to bring an infringement action on her behalf. *See* Silvers v. Sony Pictures Entm't Inc., 402 F.3d 881 (9th Cir. 2005); Eden Toys, Inc. v. Florelee Undergarment Co., 697 F.2d 27 (2nd Cir. 1982) (citing 17

> U.S.C. § 501(b)).
>
> Plaintiff Doe 1 does not own any exclusive rights to the works allegedly infringed. In her amended complaint, Plaintiff Doe 1 claims that she "owns valid copyrights in her photographs and has registered these copyrights with the United States Copyright Office."...However, the registration certificates actually filed with the Copyright Office – which are dated two days before Plaintiff Doe 1 commenced her infringement action – do not list Plaintiff Doe 1 as the registered owner of the works in question, or identify her as their original author....Plaintiff Doe 1 has submitted no evidence to support her completely unsubstantiated claim to ownership of a valid copyright, and thus she does not have standing to sue any of the Connecticut defendants for purported infringement of those photographs. As a result, Plaintiff Doe 1 would certainly not defeat a motion for summary judgment brought forth by any of the defendants with respect to her copyright infringement cause of action.

*Memorandum of Law in Support of Non-Party Movant Anthony Ciolli's Motion to Quash*, pp. 27-28.

The First Circuit confronted an issue very similar to this one in <u>Frederique-Alexandre v. Department of Natural & Environmental Res.</u>, 478 F.3d 433 (1st Cir. 2007). In that Title VII case, the jurisdictional basis was dependent upon the date of the last discriminatory act as alleged in the Complaint. The date set out in the Complaint was outside the limitations period. The plaintiff attempted to avoid dismissal by asserting that - as the plaintiffs do here - it was a mere "typographical error" that the court should fix. However, affirming the grant of summary judgment to the defendant, the Court of Appeals noted that this

4

"typographical error" had been repeated in three pleadings, that the plaintiff was given notice of the error, and having received notice made no effort to correct it until confronted with a motion for summary judgment. This case presents the same issue. The alleged "typographical error" was repeated in both the original Complaint of June 2007 and the Amended Complaint in November 2007 – long after the plaintiffs were put on notice by the AutoAdmit thread discussed above. This is true despite the interesting fact that the very sentence in which the supposed "typographical error" occurs was actually edited by plaintiffs' counsel in the Amended Complaint, changing "Doe" to "DOE" but not changing "I" to "II". Likewise, no effort was made to amend the allegation after it was brought to the attention of counsel in two separate court documents filed well in advance of oral argument here. The alacrity with which they now address the question in their supplemental memorandum demonstrates that they were well aware of it earlier but chose for tactical reasons to keep silent.

    The federal jurisdictional "hook" upon which the plaintiffs rely is gossamer thin in any event, as demonstrated by the fact that in their briefs opposing the motion to quash they do not even attempt to argue that they can win their copyright action. That it was manufactured specifically to allow the plaintiffs to get into federal court with their state law case can hardly be doubted, since the alleged copyright was not registered until a mere two days before this suit was

5

filed, and it was registered by the plaintiffs' attorney in this action.

The debate of earlier times about pendent jurisdiction of related state law claims under United Mine Workers v. Gibbs, 383 U.S. 715 (1966), and Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), was mooted by the adoption of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367(a), authorizing district courts in federal question cases to exercise supplemental jurisdiction over both additional claims and additional parties if they are "so related...that they form part of the same case or controversy...." *But see* Ierardi v. Sisco, 119 F.3d 183 (2nd Cir. 1997)(supplemental jurisdiction inappropriate when state law questions are novel or important to the state).

The courts must be wary, however, of creative lawyering that seeks to manufacture a federal "hook" where in reality none exists. "A federal question can support jurisdiction over pendent state claims unless it is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Lyndonville Savings Bank & Trust Co. v. Lussier, 211 F.3d 697, 701 (2nd Cir. 2000), *quoting* Oneida Indian Nation of New York v. County of Oneida, 414 U.S. 661, 666-67 (1974). This is such a case.

The court, rather than even addressing the pending motions, should

6

dismiss this action for lack of subject matter jurisdiction.

                    Respectfully submitted:

                    /s/
                    JOHN R. WILLIAMS (ct00215)
                    51 Elm Street
                    New Haven, CT 06510
                    203.562.9931
                    Fax: 203.776.9494
                    jrw@johnrwilliams.com
                    Attorney for Defendant AK-47

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                    /s/
                    JOHN R. WILLIAMS