UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOE I, and DOE II,  : CIVIL ACTION NO.
    Plaintiffs  307CV00909 CFD

V.

ANTHONY CIOLLI, ET AL.  : NOVEMBER 6, 2008
    Defendants

## MEMORANDUM IN SUPPORT OF
## MATTHEW RYAN'S MOTION TO DISMISS

Defendant Matthew D. Ryan ("Ryan") submits this Memorandum in support of his motion, pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P."), and Conn. Gen. Stat. § 52-59b, for an Order dismissing the Second Amended Complaint, and each of its claims asserted against the Movant.

In brief, Defendant Ryan, a resident of Texas who has never been in the State of Connecticut, has been dragged into litigation in Connecticut which arises from alleged postings by over 30 different "persons" on an Internet forum. While the Second Amended Complaint describes statements by a large number of anonymous persons, the fact is that with the exception of one tangential copyright claim by only one of the plaintiffs, there is no Federal claim asserted. More importantly for the purposes of this motion, no Federal claim -- copyright or otherwise -- has been asserted against Ryan; instead, the causes are, at most, claims under state tort law.

Given this, this Court is without subject matter jurisdiction over Ryan. There is no Federal question pending against him, and the presence of anonymous defendants defeats complete diversity. Plaintiffs cannot rely upon Supplemental Jurisdiction, given

(a) the lack of any Federal Question claim by Doe I, (b) the lack of such a claim against Ryan by Doe II, and (c) that state law claims completely predominate the copyright claim by Doe II.

In addition, this Court is without personal jurisdiction over Ryan. He has never been in Connecticut, has done nothing to purposely avail himself of the courts in Connecticut, and his activities were not aimed at Connecticut or its residents. He does not do business in Connecticut, does not reside in Connecticut, and does not do business in interstate commerce. Because he is not subject to Connecticut Long-Arm jurisdiction, and because it would offend substantial justice to force him to defend this action here, he should not be hailed into court in this State.

Thus, because this court is without subject matter and personal jurisdiction, all claims against Ryan should be dismissed.

## BACKGROUND

### The Second Amended Complaint

This action was brought against almost two score of pseudonymous Defendants (along with a few named individuals),[1] by two anonymous Yale Law School students, who claim to have been "thoroughly trashed" by statements allegedly made in an Internet chat room or forum. Without admitting or condoning any of the comments purportedly made online, the case arises from statements allegedly made on the website "AutoAdmit" concerning the two unnamed Plaintiffs, Doe I and Doe II.

---

[1] The exact identity of who is, and is not, a defendant appears to be a moving target, as the caption in the original Complaint differs from that in the Second Amended complaint.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

According to Plaintiffs' Second Amended Complaint (Exh. A)[2], statements and opinions about the two Doe Plaintiffs were allegedly posted on this Internet social networking website by various persons, including the named and unnamed Defendants. Exh. A, ¶¶ 10-13. These allegedly include sexual references, assertions about one of the Plaintiff's LSAT scores, and other inappropriate and/or juvenile statements purported referring to the pseudonymous Plaintiffs. *Id.*, ¶¶ 22, 24-29, 32-33, 35-36, 38-39, 42, 44-55, and 57-61. In addition, it is alleged that certain specifically named Defendants – but not Ryan – posted links to photographs of Doe II, photos which she allegedly took herself. *Id.*, ¶ 40.

A review of this multi-count complaint reveals a simple fact: this is not a Federal matter. Claims II through VII, on their face, are state law claims. The only Federal claim asserted is Claim I, alleging copyright infringement. *See* Exh. A, ¶¶ 72 – 74. Significantly, Claim I is not asserted by Doe I; instead, it arises from an allegation by Doe II only that the linkage[3] to photographs she took of herself constitutes copyright infringement. *See* Exh. A, ¶¶ 40, 41. While several named (and pseudonymed) defendants are alleged to have linked or copied these photographs of Doe II, the Complaint does not allege that Ryan did so.

### The Parties

Movant Ryan is a resident of Texas. *See* Affidavit of Matthew Ryan ("Ryan Aff."), ¶ 1. He has never been in Connecticut, does not do business in Connecticut, does not own any property in Connecticut, and does not operate any websites in Connecticut.

---

[2] Unless otherwise stated, all references to Exhibits refer to the Exhibit A attached to the Affidavit of Joseph G. Fortner, Jr., being filed herewith.

[3] While the Second Amended Complaint refers to "linking" and "copying," the pleading does not state with any degree of specificity whether actual "copying" of the pictures Doe II herself apparently posted took place, or whether, as alluded to in Paragraph 41, they were linked.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

*Id.*, ¶ 2. Ryan has never knowingly posted any information on websites located in the Connecticut, has not directed his Internet activity to persons in the Connecticut, and has never sold goods or services into Connecticut. *Id.*, ¶¶ 3-4. Ryan has never made statements on websites which he anticipated would be particularly reviewed by or affect persons in Connecticut. *Id.* ¶ 5. He does no business in interstate commerce at all. *Id.* ¶ 4.

In this action in which Diversity Jurisdiction is asserted as a basis for subject matter jurisdiction, Plaintiffs have failed to make any allegation about the citizenship of any defendant other than Ryan. *See* Exh. A, ¶¶ 3, 4. Plaintiffs disregard that in addition to Ryan, they chose to sue <u>37</u> pseudonymous defendants, and thus have failed to include allegations concerning the citizenship of those defendants.

## ARGUMENT

### I.
### There Is No Subject Matter Jurisdiction Against Movant

Article III courts are ones of limited jurisdiction, and "possess only that power authorized by Constitution and statute . . .". *Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). In order to proceed with an action in Federal court, a plaintiff must assert that jurisdiction exists either because a federal question is alleged (28 U.S.C. § 1331) or because there is complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). Without the existence of either federal question or diversity jurisdiction, plaintiffs are left with their remedies in state courts.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

### A. Neither Plaintiff Has Asserted a Federal Claim Against Ryan

#### 1. Doe I

The Second Amended Complaint includes *no* Federal claim whatsoever by Doe I, against Ryan or anyone else. Unlike Doe II, Doe I does not assert a copyright infringement claim in Claim I. Instead, her claims are under the state law theories of misappropriation of another's name or likeness (Claim II); unreasonable publicity (Claim III); false light invasion of privacy (Claim IV); intentional infliction of emotional distress (Claim V); negligent infliction of emotional distress (Claim VI); and libel (Claim VII). Given this, and because her claims are wholly distinct from the claims of Doe II,[4] regardless of whether Doe II has properly stated a Federal claim, Doe I cannot independently maintain an action in this Court based upon claims of Federal Question jurisdiction.

#### 2. Doe II

As one of her eight counts, Doe II has included, in conclusory terms, a claim of copyright infringement as Claim I. Leaving aside that such conclusory allegations do not support a copyright claim against any party, *see Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230-31 (S.D.N.Y. 2000); Doe II has not pleaded, in the third version of her complaint and after deposing Matthew Ryan, *see* Ryan Aff., ¶¶ 6-8, that Defendant Ryan has in any way infringed an alleged copyright to the photographs she apparently took of herself. Instead, she expressly avers that two defendants with specific monikers -- "pauliewalnuts," "kitbitzer," -- and "and/or other operators of the [online] contest"

---

[4] Doe I and Doe II have asserted separate and distinct factual allegations against the various defendants, none of which, in the case of Doe I, include a copyright claim.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

copied photographs without her permission. Exh. A, ¶ 40. She does not claim that Ryan was such an "operator."

Doe II has thus not asserted a copyright claim against the movant. While she may claim that "one or more" unspecified defendants have "copied and/or otherwise reproduced" the allegedly copyrighted photographs, her conclusory averments do not include an allegation that Defendant Ryan was an alleged copier. As a result, she has failed to "'allege . . . by what acts during what time the defendant infringed the copyright.'" *Marvullo*, 105 F. Supp. 2d at 230 (citations omitted). Because to properly state a copyright claim against Movant, she must set forth the "'particular infringing acts . . . with some specificity,'" *id.*, Doe II's failure to include those allegations against Ryan precludes her reliance upon Claim I as a basis for jurisdiction against him. Thus, assuming *arguendo* that Doe II has properly[5] stated a claim of copyright infringement against "pauliewalnuts," "kitbitzer," and the "operator" of the online contest, as a matter of pleading and law no claim for copyright infringement has been asserted against Matthew Ryan.

Finally, neither Plaintiff can use Doe II's alleged "copyright" claim to proceed against Ryan. The gravamen of Doe II's (and all of Doe I's) claims are based upon alleged postings which were abusive, harassing, defamatory, and/or otherwise inappropriate. The copyright claim of Doe II – claiming that there was linking to photographs she allegedly took (and apparently posted on line) -- has little or nothing to

---

[5] In filing this jurisdictional motion, Movant does not concede that the alleged copying and/or linkage of these photographs constitutes copyright infringement, nor that Doe II has registered these photographs in a manner which would allow her to proceed with these claims. In the unlikely event that the claims against Ryan survive this Motion, such issues will be addressed through discovery and later dispositive motions.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

do with the facts and legal theories surrounding the allegedly actionable Internet postings of the 38 defendants, and is not asserted most of the defendants, including Ryan. Given this, the alleged copyright claim would appear to have been included solely for the purpose of trying to obtain federal jurisdiction. *Hotel Syracuse, Inc. v. Young*, 805 F. Supp. 1073, 1081-82 (N.D.NY. 1992). As this is an insubstantial claim, and has it has not, in any event, been asserted against Defendant Ryan, it cannot afford a basis for the court's subject matter jurisdiction against Ryan.

Given this, neither Doe I nor Doe II has asserted a federal claim against Ryan. Their efforts to convert state court claims are simply unavailing. As such, subject matter jurisdiction does not exist under 28 U.S.C. §§ 1331 and 1367.

### B. Because Plaintiffs Chose To Include Anonymous Defendants, There Is No Diversity Jurisdiction

Plaintiffs' other basis for claiming subject matter jurisdiction – diversity jurisdiction under 28 U.S.C. § 1332 -- is equally without merit. For a Federal court to hear an action based upon diversity, there must be complete diversity of citizenship between all of the plaintiffs and all of the defendants. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Such citizenship is determined at the time that the action is filed, *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), *Hicks v. Brophy*, 839 F. Supp. 948, 951 (D. Conn. 1993); *High Ridge Park Assoc. v. Nycom Information Services, Inc.*, 821 F. Supp. 835, 837 (D. Conn. 1993). If there is a lack of diversity between any plaintiff and any defendant, diversity jurisdiction is defeated. *Herrick Co., Inc. v. SCS Communications,*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

*Inc.*, 251 F.3d 315, 322 (2d Cir. 2001), *remanded and vacated on other grounds, sub nom, Herrick Co. v. Vetta Sports, Inc.*, 2002 U.S. Dist. LEXIS 3617 (S.D.N.Y. 2002).

Where plaintiffs have included pseudonymous – or "John Doe" – defendants (such as the vast majority of the defendants in this case), most Federal Courts addressing the issue have held that their presence defeats the diversity in cases of original[6] jurisdiction. *See Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *Vrbos v. Tadijanovic*, 1996 U.S. Dist. LEXIS 14486*3 (N.D. Ill., 1996); *see generally*, 2 *Moore's Federal Practice 3d*, § 8.03[5][b][iv].[7] They do so because of the risk that when any of the pseudonymous defendants is "unmasked," he or she could easily be found to be a citizen of the plaintiff's state. *See McMann v. Doe*, 460 F.Supp.2d at 264.

Here, over 30 pseudonymous defendants are listed; in no case is their citizenship given.[8] Given this, and the uncertainty as to where these named "John Doe" Defendants may be located, diversity jurisdiction cannot be asserted. In this case, to allow this matter to proceed would be especially dangerous for two reasons: first, with over 30 as-yet-unnamed defendants it is likely that at least one is a citizen of the same state as one of the plaintiffs; and second, there is a logical likelihood that in light of the nature of the allegedly actionable statements at issue here –specific assertions or

---

[6] While in 1988, Congress amended the removal statute, 28 U.S.C. § 1441, to provide that the presence of fictitiously named defendants does not bar *removal* based on diversity, this did not affect a situation, as here, where the court is faced with original jurisdiction claims. *See McMann v. Doe*, 460 F. Supp.2d 259, 264 (D. Mass. 2006).
[7] While as noted in *Moore's, id.*, one court has relied upon amendments to the removal statute to disagree, this is contrary to the logic and text of the amendments. *See id.*, § 8.03[5][b][iv], p. 8-19.
[8] This alone is a basis for dismissal, as it is a violation of the pleading requirements, under F.R.C.P. Rule 8(a)(1) that Plaintiffs assert a basis for the Court's jurisdiction. "Allegations that fall short of addressing each party's citizenship and the amount in controversy will be deemed insufficient." 2 *Moore's Federal Practice* § 8.03[5][a], p. 8-15; *see also* cases cited at *id.*, n. 31.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

comments about two Connecticut law school students, see Exh. A, ¶¶ 8, 28, 65 -- at least one of the anonymous defendants is probably located in Connecticut.[9] Indeed, the pseudonyms alleged used by several of those defendants ("yalelaw," "ylsdooder," "yalels2009") would on their face seem to reflect some kind of connection to Yale or Yale Law School. Regardless of whether those defendants prove to be Connecticut citizens, the fact is that the risk that one or more of the anonymous defendants that *plaintiffs* chose to name may prove to be citizens of the same state as plaintiff results in a lack of complete diversity.

### C. By Virtue of the Foregoing, The Court Is Without Subject Matter Jurisdiction

Given the foregoing, the plaintiffs cannot meet their burden, *Linardos v. Fortuna, supra,* 157 F.3d at 947; to plead and establish that subject matter jurisdiction exists. Whether either under federal question or diversity principals, jurisdiction is absent.

Supplemental jurisdiction under 28 U.S.C § 1367 is also unavailing. Doe Plaintiff has not asserted a federal question claim against Defendant Ryan, and Doe I has asserted *no* federal claims against anyone. More critically, the state court claims for misappropriation of name or likeness (Claim II); unreasonable publicity (Claim III); false light invasion of privacy (Claim IV); intentional and negligent infliction of emotional distress (Claims V and VI); and libel (Claim VII), substantially predominate this action, as the gravamen of the claims against Ryan and the other defendants is they have "targeted" the plaintiffs as "the subject of a campaign of pornographic abuse, "trashed"

---

[9] That this would seem logical is true given the allegations that Doe I was having an affair with a Yale Law administrator (Exh. A, ¶ 28); and statements about how Doe II was dressed and requests that she be photographed (*id.*, ¶ 38).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

the plaintiffs' "character, intelligence, appearance and sexual lives," and engaged in "false and malicious abuse." *See* Exh. A, Introduction. None of this is related to a claim of copyright infringement regarding photographs taken by Doe II, nor are such claims factually or legally intertwined with the questionable copyright claim by Doe II. Given this, as well as the fact that any review of the Complaint reflects that its emphasis is the claims of defamation, it is clear that the state claims substantially predominate over the single federal claim (and in the case of Doe I, the state claims are the *only* claims asserted).

When a plaintiff seeks to litigate state claims in Federal Court based upon Supplemental Jurisdiction, "three requirements must be satisfied. . . .'The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.' . . . The state and federal claims must derive from a common nucleus of operative facts, and the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995) (citations omitted). Here, Doe I and Doe II have failed to state any Federal claim at all against Ryan; given this, and the fact that Doe I has not even asserted a Federal claim against anyone, the Court should not exercise Supplemental Jurisdiction over their claims against Movant. *See Foggy Bottom Assn' v. District of Columbia Office of Planning*, 441 F. Supp.2d 84, 92 (D.D.C. 2006). Thus, because the claims by Doe II of copyright infringement do not derive from a common nucleus of fact

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

as compared to the state law claims,[10] because the Court is without original jurisdiction to hear the claims by either Doe against Ryan (as there is a lack of Federal Question and Diversity Jurisdiction), and because the state claims substantially predominate over the copyright claim over which the Court might have original jurisdiction[11] (28 U.S.C. § 1367(c)(2)), Supplemental Jurisdiction under 28 U.S.C. § 1367(a) is not appropriate.

For these reasons, this case should be dismissed as against Defendant Ryan.[12]

## II.
## This Court Does Not Have Personal Jurisdiction Over Ryan

Even assuming that subject matter jurisdiction exists, this court cannot exercise *in personam* jurisdiction over Matthew Ryan. The Supreme Court has long held that in a situation, such as presented here, where a defendant is not a citizenship of a state, he can only be brought into the forum jurisdiction if doing so would not offend principals of substantial justice and fair play. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). The Defendant is subject to a forum's jurisdiction only if there is "some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State." *Hanson v. Denckla,* 357 U.S 235, 253 (1958).

---

[10] First, the copyright claims are against parties other than Ryan; hence, there is no common nucleus. Second, proof regarding whether co-defendants other than Ryan infringement Doe II's alleged copyright by linking and copying photographs she has plead she took involves a wholly different set of legal and factual issues as compared to the claims by both Doe Plaintiffs that Ryan and the Pseudonymous Defendants made malicious and/or harassing statements and maligned the Plaintiffs' characters. Hence, there is no common nucleus of facts whatsoever.

[11] As discussed above, as there is a lack of complete diversity, and as Doe I has not asserted a Federal claim, Doe II's sole basis for proceeding in Federal Court is her copyright infringement claim (Claim I) against parties other than Defendant Ryan. Leaving aside that she has not asserted such a claim against Ryan, it is clear from a fair reading of the complaint that the alleged copyright claim is at best an appendix to her state court claims. Hence, the state claims clearly predominate and the court should decline to assert Supplemental Jurisdiction.

[12] Should the Court deem it procedurally necessary so as to grant Ryan's Motion, Movant respectfully requests that the claims against Ryan be, in the first instance, severed from the claims against all other defendants, pursuant to F.R.C.P. Rule 21, and then that the action against Ryan be dismissed.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

A court in a diversity or federal question case "must look first to the long-arm statute of the forum state" to decide if there is personal jurisdiction. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997). Under the Connecticut Long Arm Statute, C.G.S. § 52-59b, a nonresident individual such as Matthew Ryan is subject to the jurisdiction of this court, only if the Plaintiffs demonstrate the following:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, **if** such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state **and** derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

(emphasis added) The burden to establish personal jurisdiction is that of the Plaintiffs, *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984); *Syed v. Housel*, 106 F.Supp.2d 397, 398 (D. Conn. 2000);[13] and it must be evaluated on a claim by claim basis, *Decalth Systems, Inc. v. Enney*, 2006 LEXIS 33803*8 (D. Ct. 2006). Here, the Plaintiffs fail to meet their burden on a multitude of grounds.

---

[13] While it has been held that prior to discovery, a plaintiff can defeat a Rule 12(b)(2) motion by the allegations in her complaint, here, *see Syed, supra*, Plaintiffs have taken the deposition of Ryan. *See* Ryan Aff., ¶¶ 6-7.

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

First, Claim VII is, on its face, not encompassed within the Long Arm Statute. C.G.S. § 52-59b(a) expressly excludes from authorization claims for defamation ("except as to a cause of action for defamation of character . . ."). Hence, that Claim must be dismissed.

With respect to the remaining Claims, Matthew Ryan does not transact business in the State of Connecticut. Ryan Aff., ¶ 4. The allegedly tortious acts at issue are not claimed to have occurred in the State of Connecticut; given that Ryan has never been to Connecticut, Ryan Aff., ¶ 2, he cannot have committed such acts here. He does not own or use real or personal property in the State. Ryan Aff., ¶ 3. He does not use a computer or computer network located in the State. Ryan Aff., ¶ 2.

Hence, the only basis to haul him into the courts within this state would be if:

i.  He committed a tortious act outside the state; <u>and</u>

ii. That act caused injury to persons or property within the state; <u>and</u>

iii. Either

   a. <u>Option A</u>: He

      i. Regularly does or solicits business in the State, <u>or</u>

      ii. Engages in a persistent course of conduct in the State; <u>or</u>

      iii. Derives substantial revenue from goods used or consumed or services rendered in the State;

   <u>or</u>

   b. <u>Option B</u>: He

      i. Expects or should expect that his act would have consequences in the State; <u>and</u>

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

> ii. Derives substantial revenue from interstate or international commerce.

See C.G.S. § 52-59b.

Option A does not provide for jurisdiction. Assuming, as must be done for the purposes of this Motion, that Ryan did commit the acts alleged, all such acts occurred outside the State, as Ryan has never been in Connecticut. Ryan Aff., ¶ 2. As noted in his Affidavit, Ryan has had no intentional contacts with this State, does not do or solicit business in Connecticut, does not send communications into Connecticut and has never had any dealings with this forum. Ryan Aff., ¶¶ 3-4. He does not solicit (regularly or not) business in this State, has engaged in no course of conduct (persistent or otherwise) in this State, and has derived no revenue from good or services consumed in this State. Ryan Aff., ¶ 4.[14] Given this, the first of two potential bases to claim long-arm jurisdiction (Option A) cannot be met.

Option B is similarly unavailing. Whether or not Plaintiffs can argue that Ryan should have expected that his alleged out-of-state act would affect persons in Connecticut,[15] the second prong of this basis for jurisdiction – that Ryan derive substantial revenue from interstate or international commerce – cannot be met. Ryan is a college student in Texas who has no ongoing business and derives no revenue from

---

[14] Plaintiffs cannot be heard to argue that his averments should be subject to discovery. As they well know, they took advantage of Ryan and subpoenaed and deposed him on July 24, 2008. They did so when he was not represented by counsel, and after he stated that he was trying to obtain a lawyer. See Ryan Aff., ¶ 7. Given this, they have had their opportunity to conduct discovery, and cannot now evade dismissal on that basis.

[15] In that regard, while it is claimed that other defendants sent e-mails to Connecticut addresses, see Exh. A, ¶¶ 30, 62; 64, it is not alleged that Ryan emailed into Connecticut. Instead, the claims against him are that he allegedly posted comments in the Internet forum. See Exh. A, ¶¶ 10-12; 29, 44. Given that, he cannot be considered to have purposefully sought to send communications of any kind into the forum state.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sales or provision of service in interstate commerce. Ryan Aff., ¶¶ 1, 3, 4. Given that, under any definition of "substantial revenue," this prong cannot be met.

In light of the foregoing, this court lacks personal jurisdiction over Ryan under the Connecticut Long-Arm Statute. Regardless of which basis in C.G.S. § 52-59b(a) is applied, Plaintiffs cannot meet their burden to establish each prong necessary to prove jurisdiction. In addition, under no sense of fair play and substantial justice can Ryan, a young man who has never had any connection whatsoever with Connecticut and who has never taken any action by which he purposefully availed himself of the privilege of doing business in Connecticut, be dragged into defending himself in this State. As a result, dismissal for lack of personal jurisdiction is required.

## CONCLUSION

Given the foregoing, this court does not have subject matter jurisdiction to hear this dispute against Matthew Ryan. Further, the court is without personal jurisdiction over Matthew Ryan. Thus, pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is required.

THE DEFENDANT:
MATTHEW C. RYAN

By_____
JOSEPH G. FORTNER, JR.
Fed. Bar #ct 04602
SUSAN O'DONNELL
Fed. Bar # ct07539
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

This is to certify that on this 6th day of November, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Joseph G. Fortner, Jr.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105