UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOE I, and DOE II,                              :    CIVIL ACTION NO.
    Plaintiffs                                        307CV00909 CFD

V.

ANTHONY CIOLLI, ET AL.                :    DECEMBER 8, 2008
    Defendants

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MATTHEW RYAN'S MOTION TO DISMISS

Defendant Matthew D. Ryan ("Ryan") submits this Memorandum of Law in Reply to the Memorandum in Opposition ("Mem. Opp.") dated November 25, 2008, filed on the behalf of the plaintiffs, and in further support of his Motion to Dismiss.

Plaintiffs hope to avoid dismissal of their claims against Ryan by acting as if all of the defendants are one related party, in essence trying to tar Ryan with the conduct of the score of pseudonymous defendants. In doing so, plaintiffs ignore the allegations in their own repeatedly amended complaint, which expressly does not allege (a) any Federal claim on the behalf of Doe I against any party, and (b) a Federal claim by Doe II against Ryan. Moreover, plaintiffs fail to address that *their decision* to include numerous anonymous defendants defeats diversity jurisdiction in this case of original jurisdiction, and that the exercise of supplemental jurisdiction over Ryan would be inappropriate where, as here, the limited Federal claim is not intertwined with the state law claims against Ryan. Finally, plaintiffs do not meet their burden to invoke Long-Arm jurisdiction over nonresident Ryan. Thus, Ryan's motion should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dockets.Justia.com

## BACKGROUND

In their Memorandum in Opposition, plaintiffs include a synopsis of their claims concerning the alleged activity of the 39 alleged AutoAdmit posters. See Mem. Opp., pp. 2-4. Without condoning the alleged on-line comments, what is clear is that plaintiffs hope to evade their failure to plead any federal claim against Ryan by encouraging the Court to lump the postings of the many pseudonymous defendants onto each other, including onto Ryan. This is true notwithstanding that plaintiffs' own allegations that the defendants were individuals, each of whom allegedly posted their own individual messages. See e.g., Second Amended Complaint, ¶¶ 21-29; 36, 38, 42, 44-55. Absent a showing (or at least an allegation) that Ryan was part of a conspiracy or otherwise responsible for the conduct of others, the commentary by the other defendants is irrelevant to Ryan.

## ARGUMENT

### I.
### Plaintiffs Have Not Met Their Burden To Show Subject Matter Jurisdiction

Plaintiffs for the most part ignore the large body of case law cited by the defendants reflecting that this court has no subject matter jurisdiction over any claims against Ryan. See Ryan's Memorandum in Support of Motion to Dismiss "(Supp. Mem."), pp. 4-11. To do so, they contend that Ryan is improperly seeking to relitigate issues already decided by this Court (Mem. Opp., p. 5. This, however, is a rather expansive reading of the procedural history. As the Court is aware, its prior decision in this matter was on a motion to quash a subpoena, filed by "John Doe 21," and not a motion challenging jurisdiction under F.R.C.P. Rules 12(b)(3) and 12(b)(6). Ryan was

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

neither a party to nor heard with respect to the court's prior rulings, and because he did not have a full and fair opportunity to be heard, should not be estopped or precluded by the prior determinations, see *Ali v. Mukasey*, 529 F.3d 478, 489-90 (2d Cir. 2008). Lastly, and most significantly, the Court was not asked to review most of the issues now raised by Ryan (such as that neither plaintiff has pleaded a Federal Question against him), and thus the prior decision on John Doe 21's motion to quash is not preclusive.

### A. Plaintiffs Concede There Is No Federal Question Jurisdiction

Significantly, other than trying to bootstrap Ryan through the conduct of other defendants, plaintiffs make no effort to argue that federal question jurisdiction exists over Ryan. This is not surprising, as Doe I has asserted no Federal Question claims at all,[1] and Doe II has not made a copyright claim against Ryan. Plaintiffs do not – and cannot – argue that Ryan is "related" to other defendants so as to create copyright liability.

### B. Plaintiffs' Inclusion of Anonymous Defendants Defeats Diversity

Plaintiffs argue that diversity jurisdiction is not defeated by their choice to sue anonymous defendants, claiming that the 1988 amendments to the Removal Statute overruled case law cited by the defendants. In reality, most of the cases cited by Ryan were decided after the amendments, see Supp. Mem., p. 8; and leading commentators have disagreed with the very argument raised here by Plaintiffs (that removal statute amendments affect cases of original jurisdiction). *See 2 Moore's Federal Practice 3d*, §

---

[1] Indeed, one must question whether Doe I has any right to proceed in Federal Court at all, given that she has not asserted a Federal Question, that her inclusion of John Doe defendants precludes diversity jurisdiction, and that the alleged postings about her have at best a tenuous relationship to the facts surrounding the sole Federal claim asserted by Doe II – Doe II's claims of copyright infringement.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

8.03[5][b][iv], p. 8-19. Plaintiffs make no effort, moreover, to distinguish the well-decided body of case law cited at page 8 of Ryan's Supporting Memorandum, as well as the guidance from commentators that the amendment to the Removal Statute did *not* affect original jurisdiction. *See* 2 *Moore's Federal Practice* 3rd, § 8.03(5)(b)(iv). Thus, as was noted in *McMahon v. Doe*, 460 F.Supp.2d 259, 264 (D. Mass. 2006), the amendment to 28 USC § 1441 (which provided that the presence of fictitiously named defendants would not bar removal based on diversity) does not overrule well-established case law that in original jurisdiction claims (such as here), the inclusion of "John Doe" precludes diversity. *Id.*

Plaintiffs' other citations are equally unavailing. While they cite *Etoile Le Blanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), in order to offer comfort to the Court that it can ignore the present potential lack of diversity because plaintiffs *may*, in the future, drop any defendants they discover are nondiverse, this hollow offering is both antithetical to authority regarding the presence of pseudonymous defendants, and is inapposite to the facts of *Etoile,* where the plaintiffs were, at the time of the motions, seeking to dismiss the diversity-defeating, non-indispensible defendant. 248 F.3d at 98. Plaintiffs here have not asked the Court to dismiss all of the pseudonymous defendants, and it stretches credulity to believe that should plaintiffs discover that one of the more active John Doe defendants is a Connecticut resident, they will blithely dismiss that defendant from the case. Plaintiffs have also not demonstrated that any of the pseudonymous defendants are not indispensible. To accept plaintiffs' proposal – that the Court may disregard the lack of subject matter jurisdiction because plaintiffs might, in the future,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

dismiss some defendants whose presence is inconvenient to the court's jurisdiction -- would eviscerate the jurisdictional limitations that Congress and courts have included in the diversity statute. Especially where, as here, the Court has already concluded that it is likely that several of the posters were Yale Law School students, see 561 F.Supp.2d 249, 251 (D. Conn. 2007), the risk that anonymous defendants will be found to be Connecticut residents is great. The Court, then, should not accept plaintiffs' efforts to evade the consequences of their choice of defendants by giving them free reign to pick and choose when to have the lack of diversity adjudicated.

### C. Plaintiffs' Attempts to Create Supplemental Jurisdiction Over Ryan Are Unavailing

Plaintiffs' efforts to avoid dismissal by bootstrapping Doe II's claims of copyright infringement onto Ryan are without merit. Plaintiffs must concede that neither of them has asserted a copyright claim against Ryan; thus, there is no Federal Question jurisdiction. Instead, they ask that Ryan be forced to remain in this case by imposing a view of the scope of supplemental jurisdiction under which other unrelated defendants' copying of Doe II's photographs allows both Plaintiffs to claim Federal jurisdiction over Ryan, notwithstanding that his alleged postings on AutoAdmit are completely unrelated to the alleged copying claimed by Doe II. To accept plaintiffs' argument that the Court has supplemental subject matter jurisdiction over Ryan, it must (a) bootstrap Doe II's copyright claims onto Doe I; (b) bootstrap the alleged copyright infringement by other unrelated defendants onto Ryan even though he is not alleged to have played any role in the copying, and then (c) conclude that the alleged on-line copying of Doe II's photographs by several defendants is inextricably intertwined with the commentary that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

was allegedly posted by Ryan, simply because he allegedly posted his independent messages on the same message board as the infringing defendants. Were the court to accept such an approach to supplemental jurisdiction, it would be akin to holding that every independent author who writes for a magazine's topical issue is subject to federal suit simply because one other writer copied a plaintiff's work. Just as the fact that all the authors write on the same topic does not create a common nucleus of facts concerning the question of plagiarism, so the fact that Ryan allegedly wrote comments about Doe II does not create a common nucleus to the only Federal claim, which is Doe II's claims of copyright infringement against persons *other than Ryan*. Indeed, significantly the copyright infringement claims do not allege harassment or threats: they instead are that photographs for which Doe II alleges she has a copyright, were copied. *See* ¶¶ 40, 73, 74. While there is no question that supplemental jurisdiction is appropriate in the proper case, where, as here, the claims against Ryan do not derive from the common nucleus of facts *regarding copyright infringement*, where he is not even alleged to have been one of the infringers, and where Doe I does not even have a copyright infringement claim, expanding such jurisdiction to reach him would be inappropriate. Thus, plaintiffs' efforts to stretch supplemental jurisdiction to reach Ryan should be rejected.

Plaintiffs' citations to *Ammerman v. Sween*, 54 F3d 423 (7th Cir. 1995), are unavailing, for in that case, the federal and state law claims were inextricably intertwined, and the defendants were in an employer/employee relationship. In contrast, there is no Federal claim at all against Ryan (and none by Doe I at all), the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

copyright allegations involve distinct copying by unrelated individuals (not the overall pattern of alleged harassment), and the alleged copying and postings were by completely unrelated parties, not related persons or entities. Similarly, *In re MTBE Products Liability Litigation*, 510 F.Supp.2d 299 (S.D.N.Y. 2007) affords plaintiffs no support, for unlike here where Ryan has been dragged into Federal court based upon copyright allegations against some unrelated persons, the defendants, most of whom were related to entities against which FTSA claims were alleged, *id.* at 302, n. 16; voluntarily chose to remove the matter to Federal court, and thereafter sought to remand, *id.* at 305. Here, Ryan is unrelated to the alleged copiers, and he certainly never chose to move this matter to Federal court.

## II.
## Plaintiffs Have Not Met Their Burden To Show Personal Jurisdiction Over Ryan

Finally, with respect to personal jurisdiction, plaintiffs have not addressed the many reasons cited by Ryan for why personal jurisdiction does not exist. They make no effort to show facts to meet their burden of establishing that Ryan is subject to long-arm jurisdiction under the criteria outlined in pages 13-14 of Ryan's brief, including failing to show that Ryan does business, that he derives revenue from interstate or international commerce, or that he does any business with Connecticut. Instead, they rely upon the inapposite *Inset Systems Inc. v. Instruction Set Inc.*, 937 F. Supp. 161 (D. Conn. 1996) decision. The court in *Inset Systems*, in analyzing whether in a trademark action the owner and host of a commercial website located in Massachusetts was subject to the Connecticut long-arm statute, concluded that its continuous internet advertising satisfied the requirement that the defendant repeatedly solicit business in Connecticut. *Id.* at

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

164. In contrast, Ryan does not do business, has not solicited business, did not own the websites where the postings occurred, and did not engage in commerce. *See* Affidavit of Matthew Ryan, dated November 4, 2008 ("Ryan Aff.), at ¶¶ 3-4. Thus, leaving aside that the *Inset Systems* case has been criticized or distinguished by most commentators[2] and courts[3] examining its analysis, its facts negate its precedential value regarding the existence of personal jurisdiction over Ryan.

While plaintiffs hope to gain jurisdictional favor by pointing to Ryan's alleged postings concerning them, even under their rendition of the facts the alleged statement concerning Doe I -- under the pseudonym ": D" (*see* Mem. Opp., p.9, n. 1) – was made *before* Doe I attended Yale Law School. *See* Mem. Opp. Mem, p. 2 ("the summer before she enrolled in Yale Law School"). More importantly, however, with respect to both Doe plaintiffs, there is no evidence – or even an allegation -- that Ryan sent an email into Connecticut, or did anything other than post messages on the AutoAdmit board which could be viewed by anyone anywhere in the world. Thus, regardless of whether Ryan's messages could be viewed by Yale law students, plaintiffs offer nothing to rebut Ryan's affirmation that he never directed postings to Connecticut residents, Ryan Aff., ¶ 5, and plaintiffs have not and cannot cite to any activity by Ryan directed to Connecticut residents. Moreover, plaintiffs cannot cite to any allegation or testimony

---

[2] *See, e.g.*, 16 *Moore's Federal Practice 3d*, ¶ 108.44[2] at p. 108-84.4(1) (rational that internet advertising constitutes repetitive solicitation into the forum state "is questionable."); 1 *Internet Law: The Complete Guide*, 2-22b to -23 (Imparl, 2006) ("The *Inset Systems* decision is a classic example of bad law, resulting from the court's failure to understand Internet technology and its failure to consider the bigger picture of Internet jurisdiction issues." *Id.* at 1, 2-24).

[3] *See, e.g.*, *Gentle Winds Project v. Garvey*, 2005 U.S. Dist. LEXIS 261, *27, n. 5; *Morantz v. Hang & Shine Ultrasonics*, 79 F.Supp.2d 537, 540 n. 3 (E.D. Pa. 1999); *Rannoch, Inc. v. Rannoch Corp.*, 52 F.Supp.2d 681, 686-87 (E.D. Va. 1999).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

that Ryan *intended* to affect Connecticut residents or directed his conduct to Connecticut residents.[4]

Most critically, however, plaintiffs have done nothing to plead or otherwise meet their burden to show that the Connecticut Long-Arm Statute applies. Despite the fact that to invoke the statute under any scenario, plaintiffs must show that Ryan either did or solicited *business* in Connecticut or, at a minimum, derived substantial revenue from interstate commerce, see Supp. Mem., pp. 14-15, they offer nothing to even suggest that Ryan is involved in business at all. They have made no showing that Ryan has been to Connecticut, resides in Connecticut, does business in interstate commerce, derives income from Connecticut activities, or that he otherwise meets any of the factors required to invoke the long-arm statute. They thus have failed to show that he has purposefully availed himself of, or otherwise subject himself to, the jurisdiction of this state.

## CONCLUSION

Given the foregoing, this action should be dismissed. As for Doe I, she has not asserted any federal claim whatsoever, and cannot invoke Federal Question jurisdiction. Doe II has not asserted any Federal claim against Ryan, he is not related to any of the other defendants, and thus there is no Federal Question jurisdiction at all against him. The plaintiffs' choice in citing and maintaining John Doe defendants defeats diversity jurisdiction. Because the Federal and state court claims are not intertwined – especially against Ryan -- supplemental jurisdiction is inappropriate. And, finally, plaintiffs have

---

[4] Indeed, Ryan specifically denied in his pre-suit deposition that he believed Yale students were particularly likely to read any postings. *See* Affidavit of Benjamin Berkowitz, dated November 25, 2008, Exh. A, pp. 33-34.

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

made no showing that there is personal jurisdiction over Ryan. Thus, Ryan's Motion to Dismiss should be granted, and all claims against him should be dismissed with prejudice.

THE DEFENDANT:
MATTHEW C. RYAN

By _____
JOSEPH G. FORTNER, JR.
Fed. Bar #ct 04602
SUSAN O'DONNELL
Fed. Bar # ct07539
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

### CERTIFICATION

This is to certify that on this 8th day of December, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Joseph G. Fortner, Jr.

1345923v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105