UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOE I, and DOE II,             Case No. 3:07CV00909 (CFD)

    Plaintiffs,

v.

Matthew C. Ryan, a.k.a. ":D"; and individuals using the following pseudonyms: pauliewalnuts; neoprag; STANFORDtroll; lkjhgf; yalelaw; Spanky; ylsdooder; HI; David Carr; vincimus; Cheese Eating Surrender Monkey; A horse walks into a bar; The Ayatollah of Rock-n-Rollah; DRACULA; Sleazy Z; Whamo; Ari Gold; Ugly Women; playboytroll; Dean_Harold_Koh; kr0nz; reminderdood; r@ygold; who is; Joel Sche11hammer; Prof. Brian Leiter; hitlerhitlerhitler; lonelyvirgin; Patrick Zeke <patrick8765@hotmail.com>; Patrick Bateman <batemanhls08@hotmail.com>; [DOE I] got a 157 LSAT; azn, azn, azn; Dirty Nigger; leaf; t14 gunner; kibitzer; yalels2009; AK47,

    Defendants.

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 23, 2009. The participants were as follows:

    For Plaintiffs Doe I and Doe II: Ben Berkowitz, of Keker & Van Nest, LLP.

    For Defendant Mathew Ryan: Joseph G. Fortner, Jr., of Halloran & Sage LLP

**I.    Certification**

Undersigned counsel certify that they have discussed the nature and bases of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of

the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

Subject matter and personal jurisdiction are contested through Defendant Ryan's Motion to Dismiss, filed on November 6, 2008. Plaintiffs filed their Opposition on November 25, 2008; and Defendant Ryan filed his Reply on December 8, 2008. The motion was argued on March 6, 2009. The Court issued its ruling on the Motion to Dismiss by decision dated April 30, 2009.

## III.    Brief Description of Case

### A.     Plaintiffs' claims

Plaintiffs allege that Ryan participated in a scheme to harass and defame them, making numerous false and defamatory statements about them on the AutoAdmit Internet message board. Through these statements, Ryan committed the following torts against the Plaintiffs: libel, unreasonable publicity, false light, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs seek actual and specific damages according to proof and punitive damages, as well as costs of suit and such other and further relief as the Court deems just.

### B.     Defendant Ryan's defenses

First, Defendant Ryan disputes that this Court has jurisdiction over him, for the reasons set forth above. Even assuming that the court does have jurisdiction, Defendant Ryan denies that this case can proceed without the indispensible parties – the other named and pseudonymous Defendants. He further denies Plaintiffs' allegations of liability. He avers that no "scheme" existed, in that upon information and belief, each of the persons posting on AutoAdmit were

unrelated individuals (and certainly unrelated to Defendant Ryan), and he cannot be held responsible for those others' comments. He further avers that whatever comments he made on the AutoAdmit website were not actionable or were protected speech, that any comments he made had no causal relationship to any alleged harm or damage; that the Plaintiffs cannot meet their burden to establish any economic or other harm; and that assuming *arguendo* that if they occurred any harm, it resulted from their own actions. Ryan reserves the right to assert additional defenses based upon facts adduced during discovery.

**IV.   Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. AutoAdmit.com ("AutoAdmit") is an Internet discussion board on which participants post and review comments and information about undergraduate colleges, graduate schools, and law schools. To the best of the Parties' knowledge, anyone who uses the Internet and visits the AutoAdmit site, either directly or via an Internet search engine such as Google, may view the messages posted to the public discussion board. Individuals who register with the AutoAdmit site may, but are not required to, provide their real names. Registered AutoAdmit users may post new messages and respond to the messages of other registered users. After a participant posts a new message, any further comments or responses to the subject area of that message are collected as a "thread." The threads on the AutoAdmit site can be found by searching on the site or through search engines such as Google.

2. Defendant Ryan posted messages on the AutoAdmit site using the pseudonym ":D".

3. On June 11, 2005, Defendant Ryan posted a message on the AutoAdmit message board under the pseudonym ":D" within a thread commenced by "STANFORDtroll" regarding Doe I, in which Ryan posted, "Just don't FUCK her, she has herpes."

4. On June 11, 2005, Defendant Ryan posted a message on the AutoAdmit message board under the pseudonym ":D" within a thread commenced by "STANFORDtroll" regarding Doe I, in which Ryan posted in response to another's comment, "dirty whore," an "ugly whore," and a "ho."

5. On March 4, 2007, Defendant Ryan posted a message on the AutoAdmit message board under the pseudonym ":D" within a thread commenced by "Doug" regarding Doe I, using the alias ":D" and referring to DOE II, in which Ryan posted: "I'm doing cartwheels knowing this stupid Jew bitch is getting her self esteem raped."

6. Defendant Ryan, using the alias ":D", posted several statements within threads started by others referring to DOE II, in which Ryan posted "[s]tupid cunt," "STUPID FUCKING CUNT," and "silicon tit'd [sic] whore."

7. On March 8, 2007, Defendant Ryan, using the pseudonym ":D", started a thread entitled "Does [DOE II]'s dad give blowjobs at Sing Sing for the protein?"

8. On April 1, 2007, Defendant Ryan posted a message in a thread started by others relating to DOE II in which Ryan posted: "HERE'S A HINT YOU STUPID FUCKING CUNT: IT'S A DAILY ROUTINE FOR YOUR FELON FAGGOT

FATHER."

9. Plaintiffs Doe I and Doe II have each graduated from Yale Law School.

10. Defendant Matthew Ryan attended a deposition on July 24, 2008, pursuant to subpoena, where he was not represented by counsel.

**V.     Case Management Plan**

**A.     Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  Should the Court desire to hold such a conference, the parties respectfully request a conference by telephone.

**B.     Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.
2. The parties do not request an early settlement conference.
3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**C.     Schedule**

The parties have met and conferred regarding the timing and conduct of litigation and discovery, but have been unable to come to complete agreement.  The specific agreements and disagreements are outlined below:

    **1.     Joinder of Parties and Amendment of Pleadings**

1. The Plaintiffs shall be allowed until June 24, 2009, to file motions to join additional parties and until July 2, 2009 to file motions to amend the pleadings.

2. Defendant Ryan shall be allowed until July 2, 2009 to file motions to join additional parties.

**2.  Discovery**

1. The Plaintiffs anticipate that modest discovery will be needed, but anticipate that they will request the deposition of the defendant. Plaintiffs anticipate that they will seek paper and electronic documents from Defendant Ryan and anticipate that they will seek inspection of computers owned and/or used by Defendant Ryan. Defendant Ryan indicates he will object to being deposed in light of having previously given deposition testimony and will object to permitting Plaintiffs' experts to inspect his computers.

2. The Defendants anticipate that substantial party and nonparty discovery will be needed. They will seek the deposition of each of the plaintiffs, of the anonymous defendants (including of the settled and/or dismissed defendants), and of nonparties whom are expected to be able to address Plaintiffs' allegations. Topics for discovery will include the identity of the other defendants, the role of nonparties and of the plaintiffs in causing the alleged harm to the plaintiffs, the plaintiffs' education performance and history, the plaintiffs' job interviews and other job application histories (including the reasons why they were or were not granted job offers), the truth or falsity of statements made on the AutoAdmit site, postings by one or both of the plaintiffs on AutoAdmit, plaintiffs' knowledge of and role in the dissemination of information relating to these postings, the nature and impact of statements posted on the site, the alleged impact of the alleged defamatory statements upon plaintiffs' employment prospects and employment; the specific role of each defendants' postings on the plaintiffs, the allegations of

copyright existence and copyright infringement asserted by Doe II, and discovery regarding plaintiffs' claims of damages. Plaintiffs intend to fully comply with their discovery obligations but also to object to discovery to the extent it appears intended solely for purposes of harassment, is overbroad, or is irrelevant to the claims and defenses of the parties.

3. <u>Initial Disclosures: Initial Disclosures pursuant to F.R.C. P. Rule 26(a)(1) will be exchanged on June 30, 2009.</u>

4. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence on or after June 30, 2009, and will be completed (not propounded) by October 30, 2009.

5. Except as discussed below, discovery will not be conducted in phases.

6. The parties do not at this time intend to serve more than 25 interrogatories each, but will seek leave of Court for permission to serve additional interrogatories should they have need and good cause to do so.

7. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2009. Depositions of any such experts will be completed by October 30, 2009.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 30, 2009. Depositions of such experts will be completed by November 30, 2009.

9. A damages analysis will be provided by any party who has a claim or

counterclaim for damages by October 30, 2009.  To the extent that such analysis relies upon experts, such experts will be produced for deposition no later than November 30, 2009.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties have been unable to come to agreement regarding the discovery of electronic materials:

    a.  Plaintiffs intend to seek discovery regarding Defendant Ryan's targeting of the Plaintiffs, including electronic discovery and including the examination of Defendant Ryan's computer(s) by forensic experts. Defendant Ryan intends to oppose the inspection of his computer(s), which he considers invasive.

11.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production:

    a.  If any party inadvertently produces material protected by the attorney-

client or work-product doctrines, that party may notify counsel to whom the material was produced and the material will be returned. Inadvertent production of such privileged material will not constitute a waiver of the attorney-client privilege or work-product privilege. The parties agree that upon notification of such an inadvertent production, any copies already made of the privileged material will either be returned or destroyed.

**D.     Dispositive Motions**

Dispositive motions shall be filed on or before November 20, 2009.

**VI.    TRIAL READINESS**

The parties request that the case be set for trial within 60 days after a ruling on any dispositive motions filed in accordance with the preceding paragraph, or if no such motion is filed, on or about February 1, 2010, as the Court's schedule permits.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: June 24, 2009                     PLAINTIFFS DOE I AND
                                         DOE II


                                    By:  /s/ Benjamin w. Berkowitz
                                         Benjamin W. Berkowitz (*pro hac vice*)
                                         KEKER & VAN NEST, LLP
                                         710 Sansome Street
                                         San Francisco, CA 94111

Dated: June 24, 2009                     DEFENDANT MATTHEW RYAN


                                    By:  /s/ Joseph G. Fortner, Jr.
                                         Joseph G. Fortner, Jr.
                                         Halloran & Sage LLP
                                         One Goodwin Square
                                         Hartford, CT 06103-4303

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing was mailed, first class, postage prepaid, on June 24, 2009, to:

| | |
|---|---|
| James A. Newsom<br>MUNISTERI SPROTT RIGBY<br>NEWSOM & ROBBINS, P.C.<br>3323 Richmond Avenue<br>Houston, TX 77098<br><br>Joseph G. Fortner<br>Susan O'Donnell<br>Halloran & Sage LLP<br>One Goodwin Square<br>Hartford, CT 06103-4303 | *Attorneys for Defendant Matthew C. Ryan* |

                                                  _____*/s/ Benjamin Berkowitz*_____